(856 P.2d 158)

No. 68,235

STATE OF KANSAS, *Appellee,* v. GREGORY WILLIAMS, *Appellant.*

Opinion filed June 18, 1993.

*Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*James R. Spring,* deputy county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, C.J., LARSON, J., and DAVID J. KING, District Judge, assigned.

KING, J.: Gregory Williams appeals the denial of his motion for jail credit for time spent in an inpatient drug treatment center and under house arrest, imposed as conditions of probation pursuant to K.S.A. 1992 Supp. 21-4610.

The facts of this case are not in dispute. Simply put, Williams pled no contest to one class B misdemeanor and one class D felony. He was sentenced to a controlling term of imprisonment of 3 to 10 years. The trial court placed Williams on probation

and assigned him to the Cowley County Community Corrections Program. As a condition of that assignment, Williams was ordered to attend an inpatient drug rehabilitation program and, after completing that program, to reside at a halfway house. Williams was released prior to completing the inpatient drug treatment program because of a knee injury that required surgery.

Subsequent to being released from the inpatient program, Williams violated the terms of his probation. The trial court extended his probation for two years and ordered Williams placed under house arrest, pursuant to K.S.A. 21-4603b, for a period of six months.

Williams again violated the conditions of his probation. This time the trial court revoked his probation and ordered him to serve the previously imposed sentence. Williams subsequently filed a motion asking the trial court to count the time he had spent in the drug rehabilitation program and under house arrest as time served towards his controlling sentence. The trial court denied Williams' motion.

The issue presented is whether K.S.A. 1992 Supp. 21-4614a authorizes or requires that a defendant be given credit for the time spent in inpatient drug treatment and for time spent under house arrest. This issue involves the trial court's interpretation of the law and, therefore, this court's scope of review is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

The specific statute which is before the court for interpretation is K.S.A. 1992 Supp. 21-4614a, which provides:

"(a) In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates, the defendant's sentence is to be computed from a date, hereafter to be specifically designated in the sentencing order of the journal entry of judgment or the judgment form delivered with the defendant to the correctional institution. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program.* The commencing date of such sentence shall be used as the date of sentence and all good time allowances as are authorized by law are to be allowed on such sentence from such date as though the defendant were actually incarcerated in a

correctional institution. Such credit is not to be considered to reduce the minimum or maximum terms of confinement authorized by law for the offense of which the defendant has been convicted." (Emphasis added.)

Williams maintains that the language of the statute is broad enough to include an inpatient rehabilitation program under the phrase "assignment to community correctional residential services program." K.S.A. 1992 Supp. 21-4614a. Williams further argues that because house arrest is as much a restraint on his liberty as confinement to a community corrections facility, the period he was so limited should be counted as time served.

The State maintains that the term "residential facility" should not be interpreted to include time spent in a treatment center or under house arrest.

In Kansas, the right to jail time credit is statutory. *State v. Fowler,* 238 Kan. 326, 336, 710 P.2d 1268 (1985). Consequently, the issue presented in this case must be resolved by a determination of legislative intent following a full examination of all pertinent statutes on the subject.

In *Fowler,* the Supreme Court noted:

"Prior to the enactment of the Kansas Code of Criminal Procedure in 1970, the Kansas cases held that a defendant, who was confined in a county jail for a period of time as a condition of probation, was not entitled to credit for time served, in the event his probation was later revoked and he was committed to the custody of a state correctional institution." 238 Kan. at 336.

The Kansas Code of Criminal Procedure contains a number of specific statutes which allow jail time credit on a sentence where a defendant was confined under a variety of circumstances. In *Fowler,* the Supreme Court reviewed these and concluded: "There is no statute which provides that a defendant shall have credit for time spent in confinement as a condition of probation." 238 Kan. at 338.

Article 46 of the Kansas Criminal Code, K.S.A. 21-4601 *et seq.,* also contains a number of specific statutes which allow jail time credit.

K.S.A. 1992 Supp. 21-4608 deals with multiple sentences. Under this statute, sentencing credit depends upon the circumstances. For instance, where indeterminate sentences are imposed to be served consecutively to sentences previously imposed, "the

inmate shall be given credit on the aggregate sentence for time spent incarcerated on the previous sentences." K.S.A. 1992 Supp. 21-4608(6)(d). On the other hand, where sentences are imposed to be served consecutively to sentences for which a prisoner has been "on probation, assigned to a community correctional services program, on parole or on conditional release," time spent on probation, etc., "shall not be credited as service on the aggregate sentence." K.S.A. 1992 Supp 21-4608(6)(e).

K.S.A. 21-4614 governs the deduction of time spent in confinement. It provides that when a defendant is sentenced to confinement, the sentence is to be computed from a date so as to give "allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

K.S.A. 1992 Supp. 21-4610 relates to conditions of probation or suspended sentence. It provides, in relevant part:

"(3) The court may impose any conditions of probation, suspension of sentence or assignment to a community correctional services program that the court deems proper, including but not limited to requiring that the defendant:

. . . .

"(i) reside in a residential facility located in the community and participate in educational, counseling, work and other correctional or rehabilitative programs;

. . . .

"(1) participate in a house arrest program pursuant to K.S.A. 21-4603b, and amendments thereto."

Kansas cases interpreting 21-4610 have determined:

1. Credit is to be allowed for time spent in a mental hospital. *State v. Mackley,* 220 Kan. 518, 552 P.2d 628 (1976).

2. When probation is revoked, there is no credit for time spent on probation. *State v. Snook,* 1 Kan. App. 2d 607, 571 P.2d 78 (1977).

3. No credit is allowed for time spent incarcerated on unrelated charges. *State v. Calderon,* 233 Kan. 87, 661 P.2d 781 (1983); *Campbell v. State,* 223 Kan. 528, 575 P.2d 524 (1978); *Brodie v. State,* 1 Kan. App. 2d 540, 571 P.2d 53 (1977).

4. No credit is allowed for time spent in a halfway house. *State v. Babcock,* 226 Kan. 356, 597 P.2d 1117 (1979).

5. No credit is allowed for time spent in a community corrections facility while on probation or a suspended sentence. *State v. Fowler*, 238 Kan. 326.

In 1988, for the first time, the Kansas Legislature enacted a statute specifically governing the circumstances under which credit on a sentence is granted following revocation of probation or assignment to community corrections.

K.S.A. 21-4614a, as enacted in 1988, provided in relevant part:

"In any criminal action in which probation, assignment to community corrections is revoked and the defendant. is sentenced to confinement . . . [the defendant is entitled to credit] . . . for the time which the defendant has spent in a residential facility while on probation or assignment to community corrections."

K.S.A. 21-4614a was amended in 1989 and now provides in relevant part:

"In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is sentenced to confinement . . . [the defendant is entitled to credit] . . . for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program."

K.S.A. 21-4614a tied credit on the sentence to time which a defendant had spent in a "residential facility" while on probation or assignment to community corrections. The question arises whether the amendment to this statute in 1989 was intended to modify the circumstances under which credit is to be granted by: (1) retaining the allowance of credit for time spent in a residential facility while on probation, (2) abandoning the allowance of credit for time spent in a residential facility while assigned to community corrections, and (3) creating two new circumstances under which credit is to be granted (time spent in a conservation camp and time spent on assignment to community correctional residential services programs). By comparison of the texts, we conclude that the legislature did not intend to abandon the originally expressed circumstances under which a defendant is entitled to credit, and that the *sine qua non* for credit under the statute remains time which the defendant has spent in some sort of residential facility, whether it be denominated a residential facility, a conservation camp, or a community correctional resi-

dential services program. The plain language of 21-4614a, both as originally adopted and as amended, indicates the legislature's intent that credit is to be granted only for the time which the defendant has spent in some sort of residential facility.

The Kansas Criminal Code does not define what is meant by the term "community correctional residential services program."

K.S.A. 1992 Supp. 21-4602(6) reads:

" 'Community correctional services program' means a program which operates under the community corrections act and to which a defendant is assigned for supervision, confinement, detention, care or treatment, subject to conditions imposed by the court. A defendant assigned to a community correctional services program shall be subject to the continuing jurisdiction of the court and in no event shall be considered to be in the custody of or under the supervision of the secretary of corrections."

The word "residential" as it applies to a community correctional services program is left undefined.

The Community Corrections Act, K.S.A. 75-5290 *et seq.*, sets out the authority and obligation of counties to provide for "correctional services." K.S.A. 75-5295 and K.S.A. 75-52,110. This includes the authority to acquire "lands, buildings and equipment" and "to enter into contracts" necessary and incidental to providing "correctional services." K.S.A. 75-5295(a) and (b).

K.S.A. 75-5291 provides that "community correctional services" include but are not limited to "restitution programs, victim services programs, preventive or diversionary correctional programs, community corrections centers and facilities for the detention or confinement, care or treatment of adults charged with or convicted of crime."

K.A.R. 44-11-111(e) (1992) defines the term "community corrections system" as the structure that is put in place to deliver the community corrections services. "The term 'program' means a community corrections activity directed by a public or private agency to deliver services to victims, offenders or the community." K.A.R. 44-11-111(f).

The word "residential" as it applies to a community correctional services program is the only term left undefined. "It is a fundamental principle of statutory construction that words in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute." *State v. King,*

14 Kan. App. 2d 478, 480, 793 P.2d 1267 (1990). "Residential" has been defined as "of or connected with residence." "Residence" means living in a place while working, a dwelling place, or an abode. Webster's New World Dictionary 1142 (3d college ed. 1988).

By utilizing the definitions provided by statute and construing common words by giving them their natural and ordinary meaning, we conclude that "community correctional residential services program" includes assignment to a program operating under the Community Corrections Act, which requires a defendant to reside at a facility which is owned, operated, maintained, or contracted for by community corrections for the purposes of detention, confinement, care, or treatment of offenders.

In this case, Williams was placed on probation and assigned to the Cowley County Community Corrections Program. One of the conditions of his probation was that he complete a program of inpatient drug treatment approved by the court. Therefore, if as a condition of Williams' assignment to community corrections, he was required to reside in an inpatient rehabilitation facility, and if the facility was owned, operated, maintained, or contracted for pursuant to the county's community corrections program, the time Williams spent in the facility must be credited as time served under the authority of K.S.A. 1992 Supp. 21-4614a.

This still leaves the question of whether Williams' time spent under house arrest should be counted as time served. K.S.A. 1992 Supp. 21-4603(2)(g) authorized the court to assign a defendant to house arrest, pursuant to K.S.A. 21-4603b. K.S.A. 21-4603b(b) defines house arrest as "an individualized program in which the freedom of an inmate is restricted within the community, home or noninstitutional residential placement and specific sanctions are imposed and enforced. House arrest may include: (1) Electronic monitoring . . . or (2) voice identification-encoder . . . ." House arrest sanctions may include "curfew" and "deprivation of nonessential activities or privileges," among others. K.S.A. 21-4603b(d).

In this case, Williams was placed under house arrest, fitted with an electronic monitoring device, and confined to his own home. He did not reside in a residential facility that was either contracted for or directly operated by the county pursuant to its

community corrections program. We do not believe that being confined in one's own home in any way meets the definition of a "residential facility" or a "community correctional residential services program."

K.S.A. 21-4614a and the house arrest statute, K.S.A. 21-4603b, were part of the same legislation when enacted in 1988. The fact that the legislature was silent in K.S.A. 21-4614a on the issue of house arrest cannot be considered an oversight. The fact that house arrest was not included in the enumeration of circumstances under which a defendant was entitled to credit indicates the legislature's intent that a defendant not be entitled to credit for time spent under house arrest. This is especially true considering that under a court's options when sentencing a defendant to probation or community corrections, participation in a "house arrest program," K.S.A. 1992 Supp. 21-4610(3)(1), is distinguished from the option requiring a defendant to "reside in a residential facility." K.S.A. 1992 Supp. 21-4610(3)(i). We therefore conclude that the trial court was correct in denying Williams' request that he be granted credit for time served while under house arrest.

This case is affirmed in part, reversed in part, and remanded to the trial court to determine whether the inpatient drug rehabilitation program fits the definition of a community correctional residential services program as defined by this decision.