(921 P.2d 834)

No. 73,904

STATE OF KANSAS, *Appellee*, v. TONY LYNN BRASFIELD, *Appellant*.

Opinion filed
July 26, 1996.

*Jean K. Gilles Phillips*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Timothy J. Chambers*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS and GREEN, JJ.

LEWIS, J.: Defendant was convicted of sale of cocaine and placed on 3 years' probation. Subsequently, the probation was revoked, and defendant was ordered incarcerated under his original sentence. Defendant requested jail time credit for time spent in a halfway house and an inpatient drug treatment facility. The trial court denied this motion, and defendant appealed. We remanded and directed the trial court to consider defendant's jail time credit motion in the light of *State v. Williams*, 18 Kan. App. 2d 424, 856 P.2d 158 (1993). On remand, the trial court again denied the motion for jail time credit because the facilities in which defendant

had been housed for drug treatment were not *owned, controlled, or operated by Reno County*. Defendant appeals.

We conclude that the trial court construed *State v. Williams* much too narrowly, and we reverse and remand.

K.S.A. 21-4614a(a) sets out the provision for jail time credit:

"In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates, the defendant's sentence is to be computed from a date, hereafter to be specifically designated in the sentencing order of the journal entry of judgment or the judgment form delivered with the defendant to the correctional institution. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program.*" (Emphasis added.)

Interpretation of a statute is a question of law over which this court may exercise unlimited review. *State v. Williams*, 18 Kan. App. 2d 424, Syl. ¶ 1.

In *Williams*, this court interpreted K.S.A. 21-4614a to require, in order to receive credit, that the defendant have spent time "in some sort of residential facility, whether it be denominated a residential facility, a conservation camp, or a community correctional residential services program." 18 Kan. App. 2d at 428-29. We went on to analyze statutes on community corrections in order to determine what the phrase "community correctional residential services program" means. We concluded that in order to receive jail time credit a defendant must "reside at a facility which is owned, operated, maintained, or contracted for by community corrections for the purposes of detention, confinement, care, or treatment of offenders." 18 Kan. App. 2d at 430.

We went on to say:

"In this case, Williams was placed on probation and assigned to the Cowley County Community Corrections Program. One of the conditions of his probation was that he complete a program of inpatient drug treatment approved by the court. Therefore, if as a condition of Williams' assignment to community corrections, he was required to reside in a inpatient rehabilitation facility, and if the facility was owned, operated, maintained, or contracted for pursuant to *the coun-*

*ty's* community corrections program, the time Williams spent in the facility must be credited as time served under the authority of K.S.A. 1992 Supp. 21-4614a." (Emphasis added.) 18 Kan. App. 2d at 430.

The trial court in the present case interpreted *Williams* to require defendant to have been assigned to a community corrections program "owned, operated, maintained, or contracted for" by the sentencing county. The trial court held that because the facilities defendant spent time in were not "owned, operated, maintained, or contracted for" by Reno County, no jail time credit was available.

We concede that some of the language in *Williams* appears to support the trial court's conclusion. However, we conclude that *Williams* does not, in fact, require the program to be owned, operated, or controlled by the sentencing county. If that were true, a defendant could be denied jail credit by being sent to a facility not controlled by the sentencing county. In this state, some of our small counties do not control an appropriate facility, and a defendant from such a county can only be assigned to a community corrections program controlled by another county. To deny a defendant jail time credit under that scenario would be unwarranted.

The language of K.S.A. 21-4614a does not require the facility to be controlled by the sentencing county, and *Williams*, although it does use the phrase "the county" at one point, does not include that language in its holding. Syl. ¶ 3 of *Williams* sets out the court's holding on the jail time credit issue, and it does not tie the program requirement to a specific county. On page 430, the *Williams* court states: "[W]e *conclude* that 'community correctional residential services program' includes assignment to a program operating under the Community Corrections Act . . . ." (Emphasis added.)

To the extent that *Williams* indicates the facility in question must be controlled by the sentencing county, we disagree. We intend this opinion to clarify *Williams* and hold that the facility must be owned, operated, maintained, or contracted for by a community corrections program operating under the Community Corrections Act, K.S.A. 75-5290 *et seq.* There is no requirement that the program be controlled by the community corrections program of the sentencing county.

In this case, the record does not indicate whether the facilities in question were owned, operated, maintained, or contracted for by any community corrections program operating under the Community Corrections Act. If they were, defendant is entitled to credit for time served.

We reverse and remand to the trial court with directions to determine whether the facilities in question in this case were owned, operated, maintained, or contracted for by any community corrections program in this state operating under the Community Corrections Act. If they were, defendant should be given credit for time served in such facilities.

Reversed and remanded with directions.