Nos. 74,099
74,107

STATE OF KANSAS, *Appellee*, v. PATRICK J. THEIS, *Appellant*.
(936 P.2d 710)

Opinion filed April 18, 1997.

*Joe Dickinson*, of Jones & Dickinson, P.A., of Newton, was on the brief for appellant.

*Jennifer M. Wieland*, assistant county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case requires interpretation of K.S.A. 21-4614a(a) in determining defendant's credit for time spent in an inpatient drug treatment program while on probation. Was defendant in a "residential facility" while on probation?

The State petitions for review of the Court of Appeals' unpublished opinion filed October 4, 1996, reversing the district court's denial of defendant Patrick J. Theis' motion to compute time to be credited for inpatient drug treatment after revoking Theis' probation. Theis had spent time in two different inpatient drug treatment facilities, Mirror, Inc., (located in Harvey County) and Atishwin (located in Sedgwick County). Harvey County Community Corrections had a contract for outpatient services with Mirror, Inc. The Court of Appeals, relying on *State v. Brasfield*, 22 Kan. App. 2d 623, 921 P.2d 834 (1996), held that Theis was entitled to credit for time spent in Mirror, Inc., and remanded the case to determine whether Atishwin is a facility owned, operated, maintained, or con-

tracted for by any community corrections program operating under the Community Corrections Act, K.S.A. 75-5290 *et seq.* Our jurisdiction is under K.S.A. 20-3018(b).

We hold that Theis is entitled to jail time credit under K.S.A. 21-4614a(a) for inpatient treatment in Mirror, Inc., and in Atishwin as time spent "in a residential facility while on probation."

## FACTS

The facts are summarized in the Court of Appeals' opinion:

"In 1992, Theis pled guilty and was placed on probation to community corrections from a sentence of 3 to 10 years. The plea was to a class C felony, possession of marijuana with intent to sell. In 1993, Theis pled guilty to theft, a class E felony, and was placed on probation under the same terms as in his first case. Theis was ordered to obtain a substance abuse evaluation and complete any treatment recommendations indicated by the evaluation. While on probation, Theis was required to spend some time under house arrest as part of the Harvey County Community Corrections intensive supervision program.

"Theis claims he spent 25 weeks under house arrest and 37 weeks as an inpatient at Mirror, Inc., in Harvey County pursuant to the drug/alcohol recommendation. He also claims 6 weeks' inpatient treatment at Atishwin, a facility in Sedgwick County.

"Theis' probation was revoked in December 1993 and reinstated in February 1994. In November 1994, Theis' probation was again revoked, and Theis was ordered to complete his sentence in both cases.

"After probation revocation, Theis filed a motion to compute time to be credited for inpatient drug treatment and under house arrest."

Theis' sentencing order on the possession of marijuana conviction placing him on probation included, among others, the following special conditions:

"3. The Defendant shall successfully complete Community Corrections.

"4. The Defendant shall obtain a substance abuse evaluation and follow and successfully complete treatment and aftercare recommendations."

The sentencing journal entry on the theft conviction granted Theis 3 years' probation, subject to the same conditions imposed in the marijuana case and, in addition, restitution and successful completion of the community corrections program.

Following revocation of probation in both cases, the Kansas Department of Correction Evaluation and Classification Report prepared by Topeka Correctional Facility (TCF) said:

"We believe a long-term (six months to a year), intensive, structured residential substance abuse treatment program would be the best alternative for this inmate whose legal difficulties appear to be centered on his alcohol and drug addiction. He is not feasible for a Community Corrections-House Arrest program as he has already been tried on one and failed. Should such a residential program be located for him, he should be discharged slowly when ready for dismissal, and in subsequent months he should be monitored very closely to assure his continued sobriety and stable employment. If such a program is not available, he should remain incarcerated."

In reviewing the TCF report at the hearing on Theis' motion to modify both sentences, the district judge denied the motion, saying:

"And we don't have any funds to pay for that type of a treatment, so we have to rely on an institution that has indigent beds available is the only way I know to do it. And I'm not aware of any availability of such at the present time coupled with the fact that I could not do that without placing him back in some form of Community Corrections, which they are recommending I not do because he's been tried on that and failed. I am in the position of not being able to do anything other than to deny the request of the defendant and so do."

Theis' counsel sought a clarification from TCF on its treatment recommendation and filed a motion for reconsideration. At that hearing, Theis' counsel presented evidence that the Atishwin inpatient treatment program in Sedgwick County was available and that Theis' father-in-law was willing to pay for the treatment. Theis' counsel also obtained a clarification from TCF that Theis be "initially placed in a 30 to 45 day inpatient treatment program, to be followed immediately with placement in a structured halfway house type facility for six months to a year."

The journal entry granting Theis' sentence modification in both cases and placing Theis on probation for 3 years imposed the following special conditions:

"1. The defendant shall enter into and successfully complete inpatient substance abuse treatment at Atishwin Institute.

"2. Following this treatment program, the Defendant shall enter into and successfully complete a halfway house placement.

"3. The Defendant shall follow all recommendations for outpatient treatment and aftercare.

"4. The Defendant shall enter into and successfully complete the Harvey County Community Corrections program."

At the hearing on Theis' motion for computation of time, the testimony showed that the Harvey County Community Corrections program is not residential and only outpatient services are contracted for. Theis' inpatient drug treatment was not part of the Harvey County Community Corrections program.

The right to jail time credit is statutory. *State v. Fowler*, 238 Kan. 326, Syl. ¶ 4, 710 P.2d 1268 (1985). "Jail time credit" must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement. *Fowler*, 238 Kan. at 335. K.S.A. 21-4614a(a) is the applicable statute. Our standard of review is unlimited when interpreting a statute. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

The State argues that the district court was correct in denying Theis credit for time spent in an inpatient drug treatment program while on probation. We disagree.

*State v. Williams*, 18 Kan. App. 2d 424, 856 P.2d 158 (1993), held that if as a condition of assignment to community corrections a defendant was required to reside in an inpatient rehabilitation facility, and if that facility was owned, operated, maintained, or contracted for under the county's community corrections program, time spent in the facility must be credited under K.S.A. 21-4614a.

In *Brasfield*, 22 Kan. App. 2d 623, the defendant appealed the denial of his request for jail time credit for time spent in a halfway house and inpatient drug treatment facility after his probation was revoked. The facilities in which Brasfield had been housed for drug treatment were not owned, controlled, or operated by the sentencing county. *Brasfield* does not indicate whether the drug treatment was made a condition of probation or of assignment to community corrections. The district court, in denying Brasfield's request, interpreted *Williams* as requiring the allowance of jail time credit for time spent in the facility only if the facility is "owned, operated, maintained, or contracted for" by the sentencing county.

The *Brasfield* panel (a different panel than in *Williams*) disagreed with the district court's interpretation of *Williams* and reversed and remanded, saying:

"To the extent that *Williams* indicates the facility in question must be controlled by the sentencing county, we disagree. We intend this opinion to clarify *Williams* and hold that the facility must be owned, operated, maintained, or contracted for by a community corrections program operating under the Community Corrections Act, K.S.A. 75-5290 *et seq.* There is no requirement that the program be controlled by the community corrections program of the sentencing county." 22 Kan. App. 2d at 625.

In reaching this conclusion, the *Brasfield* court reasoned:

"[W]e conclude that *Williams* does not, in fact, require the program to be owned, operated, or controlled by the sentencing county. If that were true, a defendant could be denied jail credit by being sent to a facility not controlled by the sentencing county. In this state, some of our small counties do not control an appropriate facility, and a defendant from such a county can only be assigned to a community corrections program controlled by another county. To deny a defendant jail time credit under that scenario would be unwarranted." 22 Kan. App. 2d at 625.

Theis distinguishes *Williams* on the basis that *Williams* was concerned with the phrase "community correctional residential services program" and did not address the meaning of the phrase "allowance for the time which the defendant has spent in a residential facility while on probation," also included within K.S.A. 21-4614a(a). Theis argues that "residential facility while on probation" should include court-ordered completion of inpatient drug treatment. We agree. Theis also points out that Harvey County does not have a community correctional residential services program and only contracts for outpatient drug and alcohol services. The district court conditioned Theis' probation on compliance with his drug evaluation recommendations, which included completion of the inpatient treatment programs.

*Williams* and *Brasfield* are not controlling in resolving this case because both cases appear to involve situations in which inpatient drug treatment was part of the community corrections program. In *Williams*, the opinion describes the inpatient treatment as both a condition of probation and a condition of assignment to com-

munity corrections. 18 Kan. App. 2d at 424-25. *Brasfield* does not mention inpatient drug treatment as a condition of either, although it appears that the inpatient treatment was part of the community corrections program. 22 Kan. App. 2d at 525-26.

For Theis, inpatient drug treatment was imposed as a condition of probation, not as a condition of or part of the community corrections program. The county does not have a community corrections residential services program, as defined in *Williams*, 18 Kan. App. 2d at 430. One of the main reasons the district judge imposed treatment at Atishwin as a condition of probation, after granting sentence modification, was that Theis' father-in-law had offered to pay for it. Because Theis' inpatient drug treatment was not part of the community corrections program, the only portion of K.S.A. 21-4614a(a) relevant to this case is the phrase "time which the defendant has spent in a residential facility while on probation."

## Residential Facility

The term "residential facility" is not defined in the Kansas Criminal Code. The Community Corrections Act, K.S.A. 75-5290 *et seq.*, also does not define that term. Other than the reference in K.S.A. 21-4614a(a), it is used in two other places in the Code, K.S.A. 21-4608(f)(5) (multiple sentences) ("credit shall be given for any amount of time spent in a residential facility while on probation or assignment to a community correctional residential services program") and K.S.A. 21-4610(c)(9) (conditions of probation). K.S.A. 21-4610(c) provides a nonexclusive list of conditions of probation, suspension of sentence, or assignment to a community correctional services program that the court may impose, including: "(9) reside in a residential facility located in the community and participate in educational, counseling, work and other correctional or rehabilitative programs."

K.S.A. 21-4610(c) does not preclude imposing commitment to inpatient drug treatment as a condition of probation, nor does there appear to be a requirement that the treatment take place at a location in the community.

We hold that Theis' inpatient drug treatment at Mirror, Inc., and Atishwin qualifies as time spent in a "residential facility while

on probation," as provided in K.S.A. 21-4614a(a). Theis' participation in the inpatient drug treatment programs at Mirror, Inc., and Atishwin were conditions of his probation. He attended those facilities while on probation. Those inpatient facilities are "residential."

Theis is not eligible for jail time credit under the "while on . . . assignment to community correctional residential services program" language in K.S.A. 21-4614a(a). However, he is eligible for such credit under the "while on probation" language.

K.S.A. 21-4601 provides:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

Offenders such as Theis placed on probation or assigned to community corrections programs are generally considered to be non-violent. We reason that K.S.A. 21-4614a(a) should be liberally construed to give offenders like Theis jail time credit for time spent in inpatient drug treatment while on probation, thus reserving jail space for more violent offenders.

K.S.A. 21-4614a(a) imposes no requirement that inpatient treatment be part of a community corrections program if the defendant attends such treatment while on probation, as opposed to on "assignment to a community corrections residential services program." If inpatient treatment is not part of a community corrections program but is imposed as a condition of probation, it does not matter whether such treatment is or is not under contract with a community corrections residential services program.

Were we to interpret "residential facility" in K.S.A. 21-4614a(a) as not including private inpatient drug treatment, defendants from counties that do not have community corrections residential services programs would be treated differently from defendants in

counties that do have such programs. If Harvey County Community Corrections had a residential services program, Theis most likely would have attended inpatient treatment as part of that program and would have been eligible for jail time credit under *Williams* for time in treatment.

The Court of Appeals' ruling that Theis is entitled to jail time credit for inpatient time at Mirror, Inc., while on probation is affirmed. The Court of Appeals' ruling that remand is necessary for determining whether Atishwin is a facility owned, operated, maintained, or contracted for by any community corrections program operating under the Community Corrections Act is reversed. We reverse the trial court's ruling that inpatient drug treatment at Mirror, Inc., and Atishwin does not qualify for jail time credit. The case is remanded to compute Theis' jail time credit for inpatient time spent in Mirror, Inc., and Atishwin while on probation.

Judgment of Court of Appeals is affirmed in part and reversed in part. Judgment of the district court is reversed in part, and the case is remanded with directions.