(955 P.2d 633)
No. 76,567

STATE OF KANSAS, *Appellee*, v. BRADLEY SHAWN CORDILL, *Appellant*.

Opinion filed October 31, 1997,

*Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Brian R. Sherwood*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., ROYSE and MARQUARDT, JJ.

ROYSE, J.: Bradley Shawn Cordill appeals the district court's denial of his motion to award jail credit pursuant to K.S.A. 21-4614a.

Cordill pled guilty to misdemeanor theft and burglary. He was sentenced to a controlling term of 2 to 5 years and assigned to a community corrections program in Finney County for 18 months. The State subsequently moved to revoke Cordill's assignment to community corrections. The district court granted the motion and reinstated Cordill's original sentence.

Cordill then filed a motion for additional jail time credit. He claimed that he should receive jail credit for the time spent in the Mirror Incorporated Drug Treatment Program and the New Chance Drug Treatment Program. The district court denied the motion, relying on *State v. Williams*, 18 Kan. App. 2d 424, 856

P.2d 158 (1993). *Williams* held that a treatment facility operating under the county's community corrections program could qualify under 21-4614a.

After the district court's decision, the *Williams* decision was clarified in *State v. Brasfield*, 22 Kan. App. 2d 623, 921 P.2d 834 (1996). *Brasfield* makes clear that a treatment facility comes within the scope of 21-4614a if it is owned, operated, maintained, or contracted for by a community corrections program operating under the Community Corrections Act. K.S.A. 75-5290 *et seq.* The facility need not be controlled by the sentencing county. 22 Kan. App. 2d at 625.

In this case, the district court relied on the fact that the treatment facilities mentioned in Cordill's motion were not under the control of Finney County. This decision was erroneous in light of *Brasfield*.

Cordill further claims he is entitled to jail credit for time spent in house arrest in Wichita. House arrest does not meet the requirements for a residential facility or a community correctional residential services program under 21-4614a. *Williams*, 18 Kan. App. 2d at 431.

Cordill also claims he is entitled to jail credit for time spent at Hope House in Wichita. While the Supreme Court held in *State v. Babcock*, 226 Kan. 356, 362, 597 P.2d 1117 (1979), that time spent in a halfway house does not qualify for jail credit under K.S.A. 21-4614, that decision predates the passage of 21-4614a. *Babcock* does not resolve the question of whether a halfway house can meet the requirements under 21-4614a.

Finally, Cordill argues that the district court erred in giving him credit for only 8 days spent in jail. The State concedes that Cordill should have received credit for 15 days in jail.

In summary, the decision of the district court denying Cordill jail credit for time spent in house arrest is affirmed. The decision of the district court denying Cordill jail credit for time spent at New Chance, Mirror Inc., and Hope House is reversed, and the case is remanded for further proceedings. On remand, the journal

entry should also be corrected to reflect that Cordill will receive credit for the 15 days he spent in the county jail.

Affirmed in part, reversed in part, and remanded.