(966 P.2d 678)

Nos. 78,305
78,306

STATE OF KANSAS, *Appellee*, v. DALE. E. WINTERS, JR., *Appellant*.

Opinion
filed August 14, 1998.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*John S. Sutherland*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., GREEN, J., and JOHN W. WHITE, District Judge, assigned.

WHITE, J.: In these consolidated cases, Dale E. Winters appeals from the trial court's sentences ordered in Linn County cases 95CR83 and 95CR41. We reverse the trial court's decision denying Winters credit for time served in jail as a condition of probation. The trial court's orders are affirmed on all other issues.

In 1995, Winters pled guilty to crimes charged in two separate cases. In 95CR41 he pled guilty to one count of burglary, and in 95CR83 he pled guilty to one count of criminal damage to property. He was sentenced to 21 months on the burglary charge and to 10 months on the criminal damage to property charge. The trial court ordered that the sentences run consecutively. The court then placed Winters on 24 months' supervised probation.

Subsequently, Winters appeared in court in response to a motion filed by the State to revoke his probation in both cases. Winters stipulated to the violation of his probation. Pursuant to the parties'

plea agreement, the trial court revoked Winters' probation and then reinstated him to probation subject to all the previously ordered conditions and an added condition that Winters spend 30 days in jail in each of the two cases, with the sentences to be served consecutively.

In 1996, Winters pled guilty to one count of burglary and one count of felony theft in case No. 96CR316. Winters was on felony probation in the other two cases at the time the new crimes were committed. Winters again stipulated to violation of his probation conditions in 95CR41 and 95CR83, and the court again revoked Winters' probation in those two cases. The court then ordered Winters to serve his prison sentences in 95CR41 and 95CR83 and also sentenced Winters to prison in 96CR316. The sentence in 96CR316 was ordered to run consecutive to the sentences in the other two cases.

Winters filed timely notices of appeal in 95CR41 and 95CR83, and the two cases were consolidated for appeal. Although neither the convictions nor the sentences in 96CR316 have been appealed to this court, one of the issues raised by Winters requires consideration of the sentence in 96CR316.

Winters first argues he should be given credit for the time he served in jail as a condition of probation in 95CR41 and 95CR83. At the October 1996 revocation hearing, the district court gave Winters jail time credit towards his sentence for the 4 days he had spent in jail in April 1995 waiting to answer the charges in 95CR83. Winters had not spent any time in jail waiting to answer the charges in 95CR41. In calculating Winters' jail time credit, the court ruled that Winters was not entitled to credit for time served for the 60 days he spent in the Linn County jail as a condition of probation.

"The right to jail time credit is statutory. *State v. Fowler*, 238 Kan. 326, Syl. ¶ 4, 710 P.2d 1268 (1985)." *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997). Where a defendant's probation is revoked, the computation of credit for time spent in jail or other facilities is governed by K.S.A. 21-4614a, which provides in pertinent part:

"(a) In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is

sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates, the defendant's sentence is to be computed from a date, hereafter to be specifically designated in the sentencing order of the journal entry of judgment or the judgment form delivered with the defendant to the correctional institution. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program. The commencing date of such sentence shall be used as the date of sentence and all good time allowances as are authorized by law are to be allowed on such sentence from such date as though the defendant were actually incarcerated in a correctional institution."

Winters argues that the time he spent in jail as a condition of probation qualified as time "spent in a residential facility while on probation," entitling him to jail time credit against the term of his sentence. The State contends that time spent in jail is not considered to be time spent in a residential facility. This issue requires interpretation of K.S.A. 21-4614a. Interpretation of a statute is a question of law over which this court exercises unlimited review. *Theis*, 262 Kan. at 7. In construing statutes, courts are not permitted to consider only certain isolated parts of an act, but should consider and construe all the parts of an act together. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 644, 941 P.2d 1321 (1997).

The State points to the language of K.S.A. 21-4610(c) that provides a nonexclusive list of conditions the court can impose when granting probation. Subsection (c)(9) of that statute provides that a defendant may be required to "reside in a residential facility." Subsection (c)(13) states that a defendant may "in felony cases . . . be confined in a county jail not to exceed 30 days, which need not be served consecutively." From this separate enumeration, the State contends that time spent in a residential facility is different from time spent in jail.

We disagree with the State's contention and conclude that time spent in jail is time spent in a residential facility for purposes of 21-4614a. In doing so, we look to the legislative history of K.S.A. 21-4614a and K.S.A. 21-4610(c).

K.S.A. 21-4614a was enacted in 1988 and has been amended only once, in 1989. In its original form, K.S.A. 21-4614a provided credit for "the time which the defendant has spent in a residential facility while on probation or assignment to community corrections." K.S.A. 21-4614a (Ensley 1988). This language was amended in 1989 to state that credit was allowed "for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program." K.S.A. 21-4614a.

Prior to July 1, 1991, K.S.A. 21-4610(c) did not include a specific provision expressly allowing a sentencing court to impose confinement in jail as a condition of probation. See K.S.A. 21-4610(3) (Ensley 1988). In *State v. Walbridge*, 14 Kan. App. 2d 483, 794 P.2d 316 (1990), *rev'd on other grounds* 248 Kan. 65, 805 P.2d 15 (1991), the court concluded that jail time constituted imprisonment and was, therefore, incompatible with probation.

In 1991, seemingly in response to the *Walbridge* decision, the legislature amended K.S.A. 21-4602 and K.S.A. 21-4610 to expressly allow jail time to be ordered as a condition of probation. K.S.A. 21-4602 was amended to define probation as "a procedure under which a defendant . . . is released by the court after imposition of sentence, without imprisonment except as provided in felony cases." K.S.A. 21-4602(c). K.S.A. 21-4610 was amended to include an additional provision under which district courts could order up to 60 days' county jail time in felony cases as a condition of probation. K.S.A. 1991 Supp. 21-4610(3)(m). In 1993, the statute was amended to limit the time spent in jail as a condition of probation to 30 days. K.S.A. 1993 Supp. 21-4610(c)(13).

At the time K.S.A. 21-4614a was enacted in 1988, the separate enumeration of conditions in K.S.A. 21-4610(c) relied on by the State to support its argument did not exist. Subsection (c)(13) of 21-4610(c) was not enacted until 1993. We therefore reject the State's argument that the absence of any reference to jail in K.S.A. 21-4614a evinces a legislative intent that a defendant not be given credit for jail time served as a condition of probation.

We find no Kansas appellate court decision addressing the issue of a defendant's entitlement to credit for time served in jail as a

condition of probation under K.S.A. 21-4614a. However, in appellate decisions construing the statute, Kansas courts have held that time served in a custodial setting as a condition of probation qualifies for credit under the statute. *Theis*, 262 Kan. 4; *State v. Cordill*, 24 Kan. App. 2d 780, 955 P.2d 633 (1997); *State v. King*, 14 Kan. App. 2d 478, 793 P.2d 1267 (1990).

In *King*, a pre-*Walbridge* decision, King's assignment to community corrections was revoked. King claimed that under K.S.A. 21-4614a, he was entitled to credit for time served in custody as a condition of his assignment to community corrections. Although the issue in *King* was whether he was entitled to credit for time served in custody prior to the enactment of K.S.A. 21-4614a, the court's comments on the legislative intent of the statute are instructive:

"At one time in Kansas, all decisions to grant persons credit for time served in jail as a condition of probation were discretionary. See, *e.g., State v. Fowler*, 238 Kan. 326, Syl. ¶ 5, 710 P.2d 1268 (1985) (citing K.S.A. 21-4614 and holding there is no statutory requirement that credit be given for jail time served as a condition of probation). With the passage of 21-4614a, the legislature changed the law and sentencing judges no longer have discretion in this area." 14 Kan. App. 2d at 479-80.

"The statute makes credit for time served during probation mandatory rather than discretionary and discloses legislative intent to give criminal defendants placed on probation credit for all time spent in custody during probationary periods. 'The statute places no limits, conditions, or discretion upon the grant of credit.' *Brodie v. State*, 1 Kan. App. 2d 540, 542, 571 P.2d 53 (1977)." 14 Kan. App. 2d at 481.

"The clear language of the statute reflects the legislative intent to apply 21-4614a to all sentences imposed in probation revocation proceedings occurring after the statute's effective date and to allow credit for all time in custody during probationary periods, regardless of whether the crime for which defendant was placed on probation occurred prior to the statute's effective date." 14 Kan. App. 2d at 482.

In *Cordill*, the defendant's assignment to community corrections was revoked and he was ordered to serve a term of 2 to 5 years. Cordill then filed a motion in which he claimed he should receive "jail credit for the time spent in the Mirror Incorporated Drug Treatment Program and the New Chance Drug Treatment Program." 24 Kan. App. 2d 780. The trial court denied the motion,

and this court reversed the trial court's decision, citing *State v. Brasfield*, 22 Kan. App. 2d 623, 921 P.2d 834 (1996).

In *Theis*, the defendant's request that he be given credit for time served in a drug treatment center as a condition of his probation was denied by the trial court. The Supreme Court reversed, holding that the defendant was entitled to credit for time spent in two drug treatment facilities while he was on probation. 262 Kan. at 4-5.

As noted in *Theis*, the Kansas Criminal Code does not define the term "residential facility." 262 Kan. at 9. In the present case, the State's argument that under K.S.A. 21-4614a time spent in jail should not be considered as time spent in a residential facility is not supported by *Theis* and *Cordill*. Although both cases refer to credit given for time served in treatment centers rather than jails, the courts refer to the credit for time served mandated by K.S.A. 21-4614a as "jail time credit."

In *Theis*, the court stated:

> "The right to jail time credit is statutory. *State v. Fowler*, 238 Kan. 326, Syl. ¶ 4, 710 P.2d 1268 (1985). 'Jail time credit' must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement. *Fowler*, 238 Kan. at 335. K.S.A. 21-4614a(a) is the applicable statute." 262 Kan. at 7.

In *Cordill*, counsel and the court refer to the 21-4614a credit as jail time credit. In reversing the trial court, the court stated: "The decision of the district court denying Cordill jail credit for time spent at New Chance, Mirror Inc., and Hope House is reversed, and the case is remanded for further proceedings." 24 Kan. App. 2d at 781.

We conclude the obvious—in computing the jail time credit to be given a defendant under K.S.A. 21-4614a, a trial court should give credit for time spent in jail as a condition of probation. We hold that for purposes of computing credit to be given under the statute, time served in jail is synonymous with time served in a "residential facility." Accordingly, on this issue, the decision of the trial court is reversed.

Winters next contends that the trial court's statements during the hearing on October 11, 1996, modified his previous sentence

in 95CR41 from 21 months to a sentence of 10 months. On October 13, 1995, the district court sentenced Winters to 21 months on the burglary charge in 95CR41 and 10 months on the criminal damage to property charge in 95CR83. During the hearing held October 11, 1996, the district court again revoked Winters' probation in 95CR41 and 95CR83 and ordered him to serve his sentences in those cases. The district court also sentenced Winters in 96CR316. At that time, while reciting the sentences in 95CR41 and 95CR83, the district court incorrectly stated that the sentence in 95CR41 was 10 months. Winters asserts that the district court's statement changed his sentence in 95CR41 from 21 months to 10 months.

This argument is without merit. The judgment in a criminal case is effective upon its pronouncement. *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993). Winters' sentence in 95CR41 was pronounced on October 13, 1995, and was effective thereafter. It is clear from the context of the proceedings held on October 11, 1996, that the district court simply misspoke and was not attempting to vacate the 21-month sentence to replace it with a shorter sentence outside the appropriate sentencing range.

Last, Winters contends his convictions in 95CR41, 95CR83, and 96CR316 together constituted a multiple conviction case, requiring application of K.S.A. 21-4720(b). The burglary in 95CR41 occurred in November 1994, and the criminal damage to property in 95CR83 occurred in March 1995. Therefore, the 1994 sentencing statutes apply to those cases. The offenses in 96CR316 occurred after July 1, 1994.

K.S.A. 21-4720(b) applies to sentencing in multiple conviction cases. Under K.S.A. 21-4720(b)(2), (3), and (5), when a district court orders consecutive sentences in multiple conviction cases, the court is required to designate a primary crime to which the full criminal history shall be applied to arrive at a base sentence. A criminal history of I is then applied to all other convictions in the multiple conviction case. K.S.A. 21-4720(b)(5).

Winters' criminal history score was E before he acquired the convictions at issue in this appeal. The guilty pleas in 95CR41 and 95CR83 were entered on August 25, 1995, and Winters was sen-

tenced in those cases on October 13, 1995. The conviction and sentencing in 96CR316 took place at a later time. The district court treated 96CR316 as a multiple conviction case, with the full criminal history score of E being applied only to the primary crime in that case and a criminal history of I being applied to the lesser crime in that case. In cases 95CR41 and 95CR83, the convictions were not treated as one multiple conviction case. They were treated separately, and the court applied Winters' full criminal history of E to the conviction in 95CR41 and also to the conviction in 95CR83.

Winters asserts that all four of the convictions in the three cases should have been treated as one multiple conviction case, with the full criminal history score being applied to only one of the four convictions.

If Winters' crimes had been committed between July 1, 1993, and June 30, 1994, then the multiple counts from the two complaints in 95CR41 and 95CR83 to which he pled guilty on the same day in a single court would require application of the sentencing limitations of K.S.A 1993 Supp. 21-4720(b). See *State v. Fields*, 22 Kan. App. 2d 148, 912 P.2d 774 (1996). However, Winters' crimes occurred after July 1, 1994, so the 1993 version of the statute does not apply.

On and after July 1, 1994, K.S.A. 21-4720(b) applies to multiple convictions arising from multiple counts. It does not apply to multiple convictions entered on the same day in different cases. *State v. Roderick*, 259 Kan. 107, 116, 911 P.2d 159 (1996); *State v. Bolin*, 24 Kan. App. 2d 882, 885, 955 P.2d 130 (1998). The district court correctly treated 96CR316 as a multiple conviction case when announcing the sentences in that case on October 11, 1996. The convictions in 95CR41 and 95CR83, however, were not part of that multiple conviction case; not only did the convictions in 95CR41 and 95CR83 occur on a different date than those in 96CR316, but the sentencing in those cases occurred before the crime in 96CR316 had been committed. The district court's sentencing of Winters was not in error.

Affirmed in part, reversed in part, and remanded with directions.