(167 P.3d 367)
No. 96,593

STATE OF KANSAS, *Appellee,* v. DAREN W. BROWN, *Appellant.*

Opinion filed September 21, 2007.

*Lydia Krebs,* of Kansas Appellate Defender Office, for appellant.

*Jeffrey E. Evans,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

HILL, J.: Under Kansas law, the length of time spent in a residential facility must be credited toward a defendant's sentence if placement in that facility was imposed as a condition of probation.

When Darren Brown was placed on probation, he was ordered to reside at Atishwin Half-Way house for 1 year. Brown absconded before the year was completed. When his probation was later revoked, the court refused to grant him any allowance for his time living at the halfway house. We hold that Brown must receive credit for the time he lived at the halfway house while on probation because it was a residential facility. Brown lived at the facility, he paid weekly rent, maintained his room to standards specified by the management, could not come and go without permission, attended cognitive behavior therapy there, attended at least one AA meeting per day there, and was required to perform community service weekly while at the facility. For these reasons, we reverse the ruling of the district court and remand the case for the court to compute his sentence after granting an allowance for the number of days he spent at the halfway house while on probation.

*The statute in question requires credit.*

K.S.A. 21-4614a calls for a day-for-day credit towards a defendant's sentence in cases where probation is revoked and the defendant is then sentenced to confinement. The date from which the defendant's sentence is to be computed "shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a *residential facility while on probation,* assignment to a conservation camp or assignment to community correctional residential services program." (Emphasis added.) K.S.A. 21-4614a.

This credit has been interpreted by case law. "The right to jail time credit is statutory. [Citation omitted.] 'Jail time credit' must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement. [Citations omitted.]" *State v. Theis,* 262 Kan. 4, 7, 936 P.2d 710 (1997).

Obviously, this case requires an interpretation of a statute and our standard of review is unlimited. See *State v. Bryan,* 281 Kan. 157, 159, 130 P.3d 85 (2006). We first examine the nature of the facility in question. Next, we note some pertinent cases dealing

with the topic. Finally, we identify some considerations that are important in making this decision.

### This is a residential facility.

We must deal with first things first. There is no dispute in this case that Brown was ordered to live at Atishwin Half-way house for 1 year as a condition of probation. Then, in *State v. Taylor*, 27 Kan. App. 2d 539, 541, 6 P.3d 441 (2000), the court stated that the first part of the analysis in determining whether jail credit would be available in cases such as this was deciding whether the halfway house qualified as a residential facility.

The Atishwin Half-Way house appears to be such a facility. Brown actually lived there. " 'Residential' has been defined as 'of or connected with residence.' 'Residence' means living in a place while working, a dwelling place, or an abode. [Citations omitted.]" *State v. Williams*, 18 Kan. App. 2d 424, 429-30, 856 P.2d 158 (1993).

The record confirms that Brown's temporary abode was Atishwin Half-Way house. At sentencing, the judge stated that Brown is "currently residing in the halfway house with Atishwin." A letter dated January 7, 2005, from Atishwin states: "[Brown] currently is residing in the halfway house and has entered into the aftercare program with Atishwin." Another letter dated January 12, 2005, makes reference to Brown's weekly rent for the halfway house being in "good standing." An April 2005 Atishwin Weekly Report Form refers to Brown living in Atishwin's halfway house and makes mention of the appearance of Brown's room there. The warrant that was issued for Brown's arrest alleges that Brown violated the conditions of his supervision, in part, by leaving the Atishwin facility. This indicates Brown was not free to come and go as he pleased and that he resided at the Atishwin Half-Way house.

### Prior cases have slightly different focus.

We find no case law restrictions keeping us from considering whether a halfway house can be considered a residential facility. A halfway house issue has arisen in a slightly different context in *State v. Cordill*, 24 Kan. App. 2d 780, 955 P.2d 633 (1997). In *Cordill,*

this court reversed the district court's denial of credit for time spent in a halfway house. The appellate court focused on the fact that the halfway house in question was operated by community corrections and looked at that language in K.S.A. 21-4614a. But importantly, the *Cordill* court pointed out that the enactment of K.S.A. 21-4614a in 1988 was well after our Supreme Court's decision in *State v. Babcock*, 226 Kan. 356, 597 P.2d 1117 (1979), that prohibited credit for time spent in a halfway house under K.S.A. 21-4614. *Cordill*, 24 Kan. App. 2d at 781.

We think this case is similar to *Taylor* where the court found the reintegration program qualified as a residential facility in view of K.S.A. 21-4614a. 27 Kan. App. 2d at 542. Taylor was required to get full-time employment, attend reintegration group meetings for 6 hours a week, perform 4 hours of service a week, and go to one individual counseling session every week.

In this case, Brown was to remain in Atishwin Half-Way house for 1 year, complete cognitive behavioral therapy and the aftercare program, continue attending at least one AA meeting a day, and perform 100 hours of community service with a minimum of 5 hours a month. Further, Brown was to maintain full-time employment. If Brown was unemployed, he was to perform 15 hours of community service a week and spend time seeking employment. Brown could go to school full time or work part time and go to school part time instead of working full time. Brown was also ordered to obtain a high school diploma or GED.

These orders imposed on Brown seem to be even more strict than those imposed on Taylor. As the *Taylor* court found the reintegration program qualified as a residential facility, we find the Atishwin Half-Way house qualifies as a residential facility.

*Nature of time spent is an important consideration.*

Going deeper into the matter, we think that what is required of a defendant at such a facility is an important consideration. We do not think that K.S.A. 21-4614a contemplates that credit must be extended for time spent at a flophouse for the idle. A court must examine each facility to see if there are any program requirements of the facility and if there are, the court must determine if they

have a rehabilitative component. The programs at Atishwin Half-Way house certainly are rehabilitative in nature.

Furthermore, the degree of liberty each defendant has at the facility can be instructive to a court deciding to give credit. Time spent in the more restrictive facility should be given credit. The court in *State v. Black*, 36 Kan. App. 2d 593, 595, 142 P.3d 319 (2006), found the defendant's ability to leave the facility a significant factor in determining whether the facility qualifies as a residential facility. Black reported to the facility from 8 a.m. to 8 p.m. unless he was at work or at some other authorized activity. He was allowed to sleep at home. Therefore, the *Black* court denied credit for time spent in that facility. But in this case, in addition to all of the requirements mentioned above, Brown testified in the probation revocation hearing of having to ask permission from an Atishwin employee to leave. Atishwin Half-Way house is more restrictive than the facility depicted in *Black*.

In contrast to the facts here, the court in *Williams*, looked at whether time in house arrest should count be given jail time credit. The court declined, stating: "We do not believe that being confined in one's own home in any way meets the definition of a 'residential facility' or a 'community correctional residential services program.' " 18 Kan. App. 2d at 431.

To summarize, Brown resided at Atishwin Half-Way house. While there on probation, his liberty was restricted and he was required to participate in several rehabilitative programs. The law requires that Brown be given credit on his sentence for the time he spent at Atishwin Half-Way house while he was on probation. We reverse the district court's ruling to the contrary. We remand the case to the district court for computation of Brown's sentence after giving him a time allowance that is consistent with this opinion.

Reversed and remanded with directions.