NOT DESIGNATED FOR PUBLICATION

No. 112,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD L. LAMB,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 30, 2015. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, for appellee.


Before LEBEN, P.J., GREEN, J., and JEFFREY GOERING, District Judge, assigned.


*Per Curiam*:  Ronald L. Lamb appeals the trial court's summary denial of his motion requesting more jail-time credit. On appeal, Lamb argues that upon the revocation of his probation, he was entitled to more jail-time credit because while he was on probation: (1) he had been assigned to a community correctional residential services program and was therefore entitled to jail-time credit under the plain language of K.S.A. 2014 Supp. 21-6615(b); and (2) he had spent 43 days in an inpatient drug treatment program. Finding no reversible error, we affirm.

1

In accordance with a plea agreement, Lamb pled guilty to the following: conspiracy to manufacture methamphetamine, possession of anhydrous ammonia with intent to manufacture a controlled substance, possession of lithium metal with intent to manufacture a controlled substance, possession of drug paraphernalia with intent to manufacture a controlled substance, possession of methamphetamine, possession of drug paraphernalia with intent to package a controlled substance for sale, two counts of contributing to a child's misconduct, aggravated battery, fleeing and eluding, obstruction of official duty, and criminal trespass. At sentencing, on June 5, 2009, the trial court granted Lamb's request for a dispositional departure to probation. The trial court sentenced Lamb to 36 months' probation with community corrections with an underlying controlling sentence of 261 months' imprisonment.

Lamb's probation order required Lamb to comply with several conditions concerning his residence. For instance, Lamb had to be at his reported residence by his curfew. Lamb had to reside at his place of residence with only the people his supervising officer had approved. Lamb had to get permission to change his residence or allow new people into his residence. Moreover, Lamb had to "[a]llow Community Corrections personnel to visit [his] residence" and search his residence without a warrant.

On October 11, 2011, the trial court revoked Lamb's probation. The trial court modified Lamb's underlying sentence to 198 months' imprisonment. The journal entry of the probation revocation hearing states that Lamb was entitled to 66 days of jail-time credit for the time he spent in jail between November 12, 2009, and December 21, 2009, and for the time he spent in jail between September 14, 2011, and October 11, 2011.

Lamb appealed the revocation of his probation to this court in *State v. Lamb*, No. 107,555, 2012 WL 5373392 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013). This court affirmed the revocation of Lamb's probation. *Lamb*, 2012

WL 5373392, at *2. Lamb did not challenge the trial court's jail-time credit determination in this appeal.

Then, on May 21, 2014, Lamb filed a pro se "Motion for Time Served on Community Corrections." Under K.S.A. 2014 Supp. 21-6615(b), a person on probation who has been assigned to a "community correctional residential services program" is entitled to jail-time credit for time spent on assignment upon the revocation of his or her probation. In his motion, Lamb argued that he had been assigned to a community correctional residential services program because the terms of his probation included conditions concerning his residence. Based on this argument, Lamb asserted that he was entitled to jail-time credit for each day he spent on probation with community corrections.

The trial court denied Lamb's motion, stating: "The defendant incorrectly interprets the applicable Kansas Statutes."

On appeal, Lamb argues that the trial court erred when it summarily denied his motion for two reasons. First, Lamb argues that he had been assigned to a community correctional residential services program while on probation and was therefore entitled to jail time credit under the plain language of K.S.A. 2014 Supp. 21-6615(b). We note that K.S.A. 21-4614a, which Lamb cites to in his motion and brief, was the relevant jail-time credit statute in effect when the trial court originally sentenced Lamb, but this statute has since been recodified without any substantive changes to K.S.A. 2014 Supp. 21-6615(b). Second, Lamb argues that he is entitled to jail-time credit for the 43 days he spent in an inpatient drug treatment program while on probation.

A defendant's right to jail-time credit is statutory. Because review of jail-time credit determinations involve statutory interpretation, this court has unlimited review

3

over Lamb's arguments on appeal. See *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012).

In his first argument, Lamb asserts that he is entitled to more jail-time credit because he had been assigned to a community correctional residential services program while on probation, which entitles him to jail-time credit under K.S.A. 2014 Supp. 21-6615(b). Essentially, Lamb argues that the conditions of his probation concerning where he resided, who he resided with, and who could enter his residence meant that he had been assigned to a community correctional *residential* services program. Although Lamb never explicitly states how many days of jail-time credit to which he believes he is entitled, it seems that he wants jail-time credit for the entire time he was on probation, which was 858 days. In his second argument, Lamb asserts that he is entitled to more jail-time credit because he spent 43 days in an inpatient drug treatment program while on probation. Nevertheless, neither of Lamb's arguments entitles him to more jail-time credit.

Lamb's first argument fails because he misinterprets what constitutes an assignment to a community correctional residential services program as stated in K.S.A. 2014 Supp. 21-6615(b). This court has previously held that to receive jail-time credit for time spent in a community correctional residential services program, "a defendant must have resided in a facility which was owned, controlled, operated, maintained, or contracted for by a community corrections program which is operating under the Community Corrections Act, K.S.A. 75–5290 *et seq.*" *State v. Brasfield*, 22 Kan. App. 2d 623, Syl. ¶ 1, 921 P.2d 834 (1996). While Lamb never states in his brief where he was residing, it seems that Lamb was residing in his own home while on probation. Clearly, Lamb's home was not a facility owned, controlled, operated, maintained, or contracted for by a community corrections program. Additionally, in *State v. Lakin*, No. 111,060, 2014 WL 5313708 (Kan. App. 2014) (unpublished opinion), this court rejected an identical argument because when a defendant resides in his own home while on

4

probation, that defendant is not assigned to a community correctional residential services program within the meaning of K.S.A. 2014 Supp. 21-6615(b). 2014 WL 5313708, at *2-3.

Moreover, Lamb's interpretation of what constitutes an assignment to a community correctional residential services program under K.S.A. 2014 Supp. 21-6615(b) conflicts with the legislative purpose of the statute. Generally, a defendant on probation with community corrections will have probation conditions concerning his or her residence. Under Lamb's interpretation of what assignment to a community correctional residential services program encompasses, any defendant who had probation conditions concerning his or her residence would be entitled to jail-time credit for each day spent on probation. Yet, K.S.A. 2014 Supp. 21-6615(b) explicitly states that a defendant is entitled to jail-time credit following a probation revocation for only the time "spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program." If the legislature had intended that all defendants receive jail-time credit for each day spent on probation, as Lamb suggests, why did the legislature include those limitations in K.S.A. 2014 Supp. 21-6615(b)? Obviously, Lamb's interpretation is incorrect because it conflicts with the purpose of limiting when a defendant is entitled to jail-time credit following the revocation of his or her probation to the three specific situations stated in K.S.A. 2014 Supp. 21-6615(b). Thus, Lamb's argument fails.

Lamb's second argument also fails because he raises it for the first time on appeal. Lamb never asserted that he was entitled to more jail-time credit for time spent in an inpatient drug treatment program before the trial court. In fact, in Lamb's motion, Lamb references the inpatient drug treatment program only once, simply stating that the completion of the inpatient drug treatment program was a condition of his probation without further detail. Additionally, in his brief, Lamb never addresses why this court should consider this argument even though he never raised it before the trial court.

5

Indeed, Lamb never acknowledges that he is raising this argument for the first time on appeal.

Issues not raised before the trial court cannot be raised for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). While there are exceptions to this rule, Kansas Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40) requires that an appellant explain why an issue raised for the first time on appeal is properly before an appellate court. An appellant abandons his or her argument raised for the first time on appeal when that appellant fails to comply with Rule 6.02(a)(5). See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Therefore, Lamb has abandoned his argument by failing to address why his argument, which was not raised before the trial court, is properly before this court.

Affirmed.