(591 P.2d 1098)
No. 50,142

STATE OF KANSAS, *Appellee,* v. KENNETH SMITH, *Appellant.*

Opinion filed March 16, 1979.

*Steven L. Opat,* public defender, of Junction City, for the appellant.

*Michael E. Francis,* County Attorney, and *Curt T. Schneider,* Attorney General, for the appellee.

Before FOTH, C.J., SPENCER and MEYER, JJ.

SPENCER, J.: On September 16, 1975, defendant was convicted of felonious assault, K.S.A. 21-3410(*a*), and criminal damage to property, K.S.A. 21-3720(1)(*a*). Sentencing was deferred and, based upon a prior mental examination and evaluation pursuant to K.S.A. 22-3429, defendant was committed to the Larned State Hospital for psychiatric care and treatment, to be held in that institution until discharged pursuant to K.S.A. 22-3431. Under date of December 16, 1977, the clinical director of Larned State Hospital informed the trial court in part:

"It was concluded that Mr. Smith is not amenable to psychiatric treatment, that

continued detention at State Security Hospital will not materially contribute to his rehabilitation, that he is a potentially dangerous person, that the Kansas State Penitentiary is the most suitable place for an individual with his particular behavior pattern, and that he is ready to be returned to your court for further legal disposition."

On December 30, 1977, the trial court ordered that defendant be returned for further proceedings; and, on January 17, 1978, defendant, appearing with his court-appointed counsel, was sentenced to the care, control and custody of the Secretary of Corrections for concurrent terms of three to ten years and one to five years. He was granted credit for time served from July 9, 1975. Thereafter, defendant moved for modification of sentence and for probation, and that he be institutionalized rather than incarcerated. All motions were denied.

Defendant argues that the trial court was without jurisdiction to sentence him. His challenge is premised upon the fact that the chief medical officer did not make the findings required by K.S.A. 22-3431, which provides in part:

"Whenever it appears to the chief medical officer of the institution to which a person has been committed under section 22-3430, *that such person is not dangerous to himself or others and that he will not be improved by further detention in such institution,* such person shall be returned to the court where he was convicted and shall be sentenced, committed, granted probation or discharged as the court deems best under the circumstance." (Emphasis added.)

Appellant argues that the clinical director of Larned State Hospital did not report that defendant "is not dangerous to himself or others and that he will not be improved by further detention in such institution . . . ," and that by reason thereof the trial court was without jurisdiction to proceed.

The jurisdiction of the trial court was acquired at the outset of the criminal proceedings. As a practical matter, the power of the court to act would continue until 120 days after the imposition of sentence. K.S.A. 21-4603. Defendant was not sentenced until January, 1978. Although K.S.A. 22-3424(3) provides that sentence be pronounced without unreasonable delay, the deferred sentencing in this matter is specifically sanctioned by K.S.A. 22-3429 which permits deferring sentencing pending mental examination, and by K.S.A. 22-3430 which permits deferring sentencing pending receipt of psychiatric care and treatment.

The trial court found that it had continuing jurisdiction over the person of the defendant and we agree. Having so decided, we

now consider the question of whether K.S.A. 22-3431 is a limitation upon the exercise of that jurisdiction.

K.S.A. 22-3430 provides an intermediate step between the finding of guilt and the imposition of sentence. Use of this procedure is predicated upon a showing that the defendant is in need of psychiatric care and treatment; that such treatment may materially aid in his rehabilitation; and that the defendant and society are not likely to be endangered by permitting defendant to receive such treatment in lieu of confinement or imprisonment which might then otherwise be imposed. When the trial court deems it appropriate to do so, it may direct that the defendant be detained in a proper institution "until further order of the court or until the defendant is discharged under 22-3431." The period of detention may not exceed the maximum term provided by law for the crime of which defendant was convicted.

K.S.A. 22-3431 provides but one method whereby a person committed under 22-3430 may be returned to the court for further appropriate disposition. That statute does not preclude further orders of the court of jurisdiction with respect to the disposition to be made of defendant. Where, as here, the chief medical officer of the institution was unable to report that defendant was not dangerous to himself or others and that he would not be improved by further detention, but did indicate that defendant was not amenable to psychiatric treatment and that continued detention would not materially contribute to his rehabilitation, the trial court in which defendant was convicted was authorized to direct the return of defendant for sentencing.

In *State v. English,* 198 Kan. 196, 209, 424 P.2d 601 (1967), our Supreme Court made reference to the case of *Butler v. Burke,* 360 F.2d 118, 123 (7th Cir.), *cert. denied* 385 U.S. 835 (1966), wherein it is stated:

" 'In fact, petitioner is in custody as a patient, not as a prisoner, committed for treatment and not sentenced for punishment. The duration of his commitment depends upon the manner in which he responds to treatment, which is subject to review by the committing Court at frequent intervals.' "

We hold that the district court in which a defendant is convicted and thereafter committed under the provisions of K.S.A. 22-3430 retains jurisdiction over the defendant, and may by its further order inquire into the merits of continued commitment for psychiatric care and treatment. If defendant is not found to be

amenable to such care and treatment, that court may sentence or make such other provision for defendant as provided by law and as may be warranted by the facts and circumstances disclosed. In doing so, the court must exercise the same discretion as in directing the initial commitment.

It is argued that the trial court abused its discretion in imposing sentence and that the sentence imposed was because of defendant's mental condition, thus making the sentence cruel and unusual punishment.

A sentence fixed by the trial court will not be set aside on appeal if it is within the statutory limits, unless it is so arbitrary and unreasonable that it constitutes an abuse of judicial discretion. *State v. Coe,* 223 Kan. 153, 574 P.2d 929 (1977); *State v. Buckner,* 223 Kan. 138, 574 P.2d 918 (1977); *State v. Steward,* 219 Kan. 256, 547 P.2d 773 (1976). In imposing sentence, the court found that a maximum-minimum sentence would be imposed since that appeared to be more consistent with the public safety and the needs of the defendant. K.S.A. 21-4606(1). Those findings are supported by the evidence and will not be disturbed.

In support of the cruel and unusual punishment argument, defendant cites *Robinson v. California,* 370 U.S. 660, 8 L.Ed.2d 758, 82 S.Ct. 1417 (1962). We do not find that case persuasive. In *Robinson,* the defendant was convicted and sentenced for being addicted to narcotics. In the case at hand, defendant was convicted of aggravated assault and criminal damage to property with the fact of mental condition being considered merely for the purpose of fixing the minimum sentence. The two cases are not analogous and we find no cruel and unusual punishment in this case. We would note that, if during incarceration it appears that defendant is in need of and would be amenable to further psychiatric treatment, administrative procedures exist within our penal system whereby such treatment can be provided.

Affirmed.