No. 80,542

STATE OF KANSAS, *Appellee,* v. DANNY M. HILDEBRANDT,
*Appellant.*

(12 P.3d 392)

Opinion filed October 27, 2000.

*Brent Getty,* assistant appellate defender, argued the cause, *Lisa Nathanson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender was with him on the brief for appellant.

*Frank E. Kohl,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This sentencing appeal involves the interaction of K.S.A. 22-3431 and the provisions of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.,* when Danny M. Hildebrandt was returned to the district court after being committed for psychiatric care and treatment in lieu of sentencing. Hildebrandt appealed the sentence the district court entered to the Court of Appeals, which affirmed in an unpublished opinion, *State v. Hildebrandt,* No. 80,542, filed December 30, 1999. We granted Hildebrandt's petition for review.

The factual and procedural background of this case shows that on July 2, 1996, Hildebrandt entered a nolo contendere plea to aggravated indecent liberties with a child, a severity level 3 person felony violation of K.S.A. 21-3504(a)(3)(B). Hildebrandt was then committed to Larned State Security Hospital (LSSH) in lieu of sentencing pursuant to K.S.A. 22-3430 under which provision he was ordered to remain in LSSH until further order of the court or until discharged as provided in K.S.A. 22-3431.

In April 1997, the district court was notified by LSSH that Hildebrandt had been treated and cared for, but would not benefit from further treatment and should be returned to the court for further disposition. When Hildebrandt appeared in district court for sentencing on September 15, 1997, he had a criminal history of I, and with the level 3 severity rating for his offense, he fell into a presumptive imprisonment grid box. K.S.A. 21-4704. Under the provisions of K.S.A. 21-4716(a), a sentencing judge is required to impose the presumptive sentence provided by the sentencing guidelines for crimes committed on or after July 1, 1993, unless the judge finds substantial and compelling reasons to depart from the presumptive sentence.

Hildebrandt argued, however, that K.S.A. 22-3431(c) gave the sentencing judge complete discretion to order any disposition the judge deemed best under the circumstances without the need to follow the usual departure rules. The trial court disagreed and held the KSGA departure rules would apply. Hildebrandt then filed a motion for downward dispositional departure, requesting he be placed on intensive supervised probation as recommended by LSSH. But, the trial court found no substantial and compelling reasons to depart, heard a recommendation for imprisonment from the victim's mother, and imposed a presumptive prison sentence of 46 months with time credited against the sentence for the period Hildebrandt spent in LSSH.

Hildebrandt appealed, arguing the trial court had misinterpreted its authority under K.S.A. 22-3431(c). The Court of Appeals found that Hildebrandt had not been committed to LSSH under K.S.A. 22-3430 in lieu of sentencing but only for the purpose of preparing the presentence investigation (PSI) report and therefore concluded

that K.S.A. 22-3431 did not apply. It affirmed Hildebrandt's sentence on that basis but remanded the case with directions to amend the journal entry to show that Hildebrandt was committed to LSSH under K.S.A. 22-3429 only for the purpose of preparing the PSI.

Our examination of the record in considering this matter on review clearly shows that the trial court on July 19, 1996, ordered Hildebrandt to be committed to LSSH under the provisions of K.S.A. 22-3430 and not for the preparation of a PSI. This order is correctly reflected in the trial court's journal entry of judgment on the July 19, 1996, hearing. This makes it clear that when Hildebrandt was returned from LSSH for sentencing, the provisions of K.S.A. 22-3431 applied to his case.

On appeal, the State first argued that because Hildebrandt received the presumptive guidelines sentence it is not subject to appellate review and this court is without jurisdiction. *State v. Bost*, 21 Kan. App. 2d 560, 903 P.2d 160 (1995). However, we agree with Hildebrandt's assertion that his sentence is reviewable as a claimed illegal sentence under K.S.A. 22-3504(1) because of his contention that the trial judge misinterpreted the scope and extent of his authority under K.S.A. 22-3431.

It has also been suggested that this matter is moot because Hildebrandt has served his entire prison sentence and is currently on 36 months' post-release supervision. Under these facts he is still subject to the court's jurisdiction and the matter is not moot. *State v. Zirkle*, 15 Kan. App. 2d 674, 676, 814 P.2d 452 (1991).

This leads us to consideration of the correct interpretation of K.S.A. 22-3431, which provides:

"(a) Whenever it appears to the chief medical officer of the institution to which a defendant has been committed under K.S.A. 22-3430 and amendments thereto, that the defendant will not be improved by further detention in such institution, the chief medical officer shall give written notice thereof to the district court where the defendant was convicted. Such notice shall include, but not be limited to: (1) Identification of the patient; (2) the course of treatment; (3) a current assessment of the defendant's psychiatric condition; (4) recommendations for future treatment, if any; and (5) recommendations regarding discharge, if any.

"(b) Upon receiving such notice, the district court shall order that a hearing be held. The court shall give notice of the hearing to: (1) The state hospital or state security hospital where the defendant is under commitment; (2) the district or

county attorney of the county from which the defendant was originally committed; (3) the defendant; and (4) the defendant's attorney. The court shall inform the defendant that such defendant is entitled to counsel and that counsel will be appointed to represent the defendant if the defendant is not financially able to employ an attorney as provided in K.S.A. 22-4503 *et seq.* and amendments thereto. The hearing shall be held within 30 days after the receipt by the court of the chief medical officer's notice.

"(c) *At the hearing, the defendant shall be sentenced, committed, granted probation, assigned to a community correctional services program or discharged as the court deems best under the circumstance.* The time spent in a state or local institution pursuant to a commitment under K.S.A. 22-3430 and amendments thereto shall be credited against any sentence, confinement or imprisonment imposed on the defendant." (Emphasis added.)

Hildebrandt has consistently argued, both at the trial court level and on appeal, that under the plain language of K.S.A. 22-3431(c), the trial court had discretion to grant probation as the court "deems best under the circumstance" and was, therefore, not required to find substantial and compelling reasons to downward depart in order to enter a nonprison sanction. This presents an issue of statutory interpretation which is a question of law over which this court exercises unlimited review. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1321 (1997). In construing statutes, the intent of the legislature is paramount, and we must consider the entire act with our duty being to reconcile the various provisions to make them harmonious, consistent, and sensible. 262 Kan. at 643-44.

The language permitting the court to sentence a defendant who was first committed to LSSH in lieu of sentencing as it "deems best under the circumstance" was used in the predecessor statute to K.S.A. 22-3431, G.S. 1949 62-1537 (1959 Supp.), and was simply carried over into K.S.A. 22-3431 when it was enacted in 1970. See L. 1970, ch. 129, § 22-3431. Although K.S.A. 22-3431 was amended in 1993 when the sentencing guidelines were enacted, the legislature did not alter the "deems best" language, although it made several other amendments. See L. 1993, ch. 247, § 5.

In *State v. Smith*, 3 Kan. App. 2d 179, 182, 591 P.2d 1098 (1979), the Court of Appeals interpreted substantially the same language in the 1979 version of K.S.A. 22-3431 as permitting the trial court

to "sentence or make such other provisions for the defendant as provided by law and as may be warranted by the facts and circumstances." In *State v. Harkness*, 252 Kan. 510, 520, 847 P.2d 1191 (1993), our court looked at the same language in a later version of the statute and followed the *Smith* decision in holding the trial court had discretion under the statute to decide whether to recommit a defendant or sentence him after an initial release from commitment in lieu of sentencing, even though the treatment facility in that case opined that he was dangerous to others.

The committee minutes and other legislative history surrounding the amendments to this statute are not helpful; the "deems best" language is simply not the subject of any legislative attention of record.

The rule of strictly construing criminal statutes in favor of the one subjected to the statute, see *State v. Lewis*, 263 Kan. 843, Syl. ¶ 3, 953 P.2d 1016 (1998), is also not useful to our analysis because the court's discretion under K.S.A. 22-3431 is a sword that cuts both ways. If both upward and downward departures could be ordered, the State could just as logically argue that the sentencing court could upwardly depart without finding substantial and compelling reasons just as it could likewise downwardly depart.

While we are obligated to attempt to make provisions harmonious, consistent, and sensible, requiring the precise departure provisions to be made a part of the K.S.A. 22-3431 directions is not indicated when we adhere to our rule that when a statute is plain and unambiguous, the appellate court must give effect to the intent of the legislature as expressed instead of determining what the law should or should not be. *West v. Collins*, 251 Kan. 657, 661, 840 P.2d 435 (1992).

In our *Harkness* case, previously referred to herein, the defendant argued that the *Smith* decision was wrongly decided, and our court stated: "If the legislature disagreed with the Court of Appeals' interpretation of K.S.A. 22-3431, the legislature has had 13 years to amend the statute accordingly and has not done so." 252 Kan. at 520. The discretion granted by K.S.A. 22-3431 has remained during the period subsequent to *Harkness* and has likewise been unaltered. We remain consistent in our ruling that the una-

mended provisions of K.S.A. 22-3431(c) and the discretion granted thereunder is not subject to the express provisions relating to departures under the KSGA unless and until the legislature specifically amends K.S.A. 22-3431(c) to so state.

The plain wording of K.S.A. 22-3431(c) clearly gives the trial court discretion to order such disposition "as the court deems best under the circumstance" to those who have been released from a K.S.A. 22-3430 commitment for psychiatric care and treatment without applying the departure requirements of the KSGA.

What we have said provides guidance to trial courts that later face this question, but we do not deem that we are required to order that Hildebrandt be resentenced because of the facts of this case. It is apparent to us that the trial court properly exercised its discretion as K.S.A. 22-3431(c) allowed. Its ruling in denying the requested downward departure was nothing more or no different than denying the request for intensive supervised probation as recommend by LSSH. And, since the statutory sentence has been served and the post-release supervision is in effect, it would be an unnecessary act to order that Hildebrandt be resentenced.

The opinion of the Court of Appeals is affirmed in part and reversed in part. The trial court is affirmed as modified by the language and ruling of our opinion set forth herein.