(142 P.3d 319)
No. 94,599

STATE OF KANSAS, *Appellee,* v. DEXTER BLACK, *Appellant.*

Opinion filed September 15, 2006.

*Ernest L. Tousley,* of O'Hara, O'Hara & Tousley, of Wichita, for appellant.

*Kristi L. Barton,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., ELLIOTT and GREEN, JJ.

GREEN, J.: Dexter Black pled guilty to possession of cocaine. The district court sentenced Black to 12 months' probation with an underlying prison term of 32 months. The district court modified Black's conditions of probation. It required him to successfully complete an Adult Daily Reporting Center (ADRC) program instead of the residential community correction program, which the court had earlier ordered. Black reported to the ADRC for approximately 90 days.

Later, the district court revoked Black's probation and ordered him to serve a modified sentence of 20 months in prison followed by a 12-month postrelease supervision term. The district court credited Black with 360 days for time already served. Black moved for jail time credit for the time he spent at the ADRC. The district court denied the motion. This appeal centers on whether the district court erred when it failed to grant jail time credit for Black's time spent at the ADRC. We affirm.

The State asserts that Black's appeal is moot because he has served his prison sentence and is now currently only on postrelease

supervision. Thus, the State argues that Black's appeal should be dismissed.

" 'The general rule is that an appellate court does not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'

" 'An appellate court may sometimes elect to entertain issues which, although moot, are subjects of real controversy and include issues of statewide interest and importance. When a particular issue, although moot, is capable of repetition and one of public importance, an appellate court may consider the appeal and render an opinion.' [Citation omitted.]" *Smith v. Martens*, 279 Kan. 242, 244-45, 106 P.3d 28 (2005).

Here, Black finished serving his prison sentence on September 19, 2005; however, he is subject to 12 months' postrelease supervision. A violation during Black's postrelease supervision would subject him to serve the remaining time of the supervision term in prison.

An appeal will not be dismissed for mootness unless it is clearly and convincingly shown that the actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the case are concerned. *In re M.R.*, 272 Kan. 1335, 1339, 38 P.3d 694 (2002).

We will address the merits of Black's argument. Black argues that K.S.A. 21-4614a requires the district court to grant jail time credit for time served in the ADRC. "Interpretation of a statute is a question of law over which an appellate court may exercise unlimited review." *State v. Parks*, 27 Kan. App. 2d 544, 545, 6 P.3d 444 (2000).

K.S.A. 21-4614a provides in pertinent part:

"In any criminal action in which probation, . . . is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates, the defendant's sentence is to be computed from a date, hereinafter to be specifically designated in the sentencing order of the journal entry of judgment or the judgment form delivered with the defendant to the correctional institution. Such date shall be established

to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation . . . ."

First, we must determine whether Black's participation in the ADRC program was a condition of probation. See *State v. Taylor*, 27 Kan. App. 2d 539, 541-42, 6 P.3d 441 (2000). "Presumably, as long as time in a 'residential facility' is a condition of probation ordered by the sentencing judge, there is at least some minimal assurance that the program of the facility will be consistent with the goals of the probation itself." *Taylor*, 27 Kan. App. 2d at 542. The record shows that Black's conditions of probation were modified to require him to successfully complete the ADRC.

The critical issue in determining the availability of jail time credit is whether the ADRC constitutes a "residential facility." See *Taylor*, 27 Kan. App. 2d at 541.

Black correctly argues that "residential facility" is not limited to community corrections residential facility. See *State v. Theis*, 262 Kan. 4, 9-10, 936 P.2d 710 (1997) (holding defendant's time at private inpatient drug treatment facilities qualified as time spent in "residential facility while on probation").

*Theis*, however, is distinguishable because it involved an inpatient facility in which the defendant was unable to leave. In fact, previous appellate decisions granting jail time credit for time spent in "residential facilities while on probation" under K.S.A. 21-4614a have involved inpatient facilities. See *Taylor*, 27 Kan. App. 2d at 541-43 (concluding the inpatient reintegration program qualified as a "residential facility" and, therefore, granting jail time credit and concluding jail time credit must be granted for time spent in a halfway house if the halfway house qualified as a residential facility and the defendant's placement there was a condition of violation); see also *State v. Williams*, 18 Kan. App. 2d 424, 431, 856 P.2d 158 (1993) (concluding the defendant was not entitled to jail time credit for time spent under house arrest).

Here, the ADRC required participants in the program to report to the center from 8 a.m. to 8 p.m., unless at work or other authorized activity. Participants, however, were allowed to sleep at home. In addition, the ADRC required participants to wear elec-

tronic monitoring devices and to perform 50 hours of community service.

Clearly, the ADRC was not an inpatient residential facility. Participants were allowed to go home to sleep at night and required to be at the ADRC only during the day if they did not have a job or were not participating in some other authorized activity. In fact, if a participant had a job or participated in some other authorized activity, he would have spent minimal time at the center. Under the rationale of *Taylor* and *Williams*, Black was not entitled to jail time credit for his time spent in ADRC. Accordingly, the trial court properly denied Black's motion for jail time credit.

Affirmed.