NOT DESIGNATED FOR PUBLICATION

No. 114,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW C. GREENE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed September 2, 2016. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Andrew C. Greene, Jr., appeals his sentence as a persistent sex offender claiming the district court improperly used his criminal history to determine his status as a persistent sex offender in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Greene also claims the district court erred by not following *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), to score his pre-1993 convictions as nonperson felonies even after *Murdock* was overruled by *Keel*. Finding no error, we affirm.

1

In 2011, a jury convicted Greene of rape in violation of K.S.A. 21-3502(a)(1)(C). The facts relating to Greene's jury conviction were set forth by our Supreme Court in Greene's direct appeal and do not need to be repeated here. *State v. Greene*, 299 Kan. 1087, 1088-91, 329 P.3d 450 (2014). At his original sentencing hearing, Greene was adjudged an aggravated habitual offender, pursuant to K.S.A. 21-4642, and sentenced to lifetime imprisonment without the possibility of parole. On direct appeal, the Supreme Court affirmed Greene's conviction but vacated Greene's sentence and remanded to the district court for resentencing because Greene had been incorrectly sentenced as an aggravated habitual sex offender. The Supreme Court determined both K.S.A. 21-4642 and K.S.A. 21-4704(j)(2)(B) applied equally and neither is more specific. Thus, Greene should have been sentenced under the more lenient statute, K.S.A. 21-4704(j), as a persistent sex offender. 299 Kan. 1087, Syl. ¶ 3.

On remand, an updated presentence investigation report (PSI) was prepared. At sentencing, Greene objected to scoring three entries on the updated PSI as person felonies: Entry 1, a 1975 Kansas conviction for indecent liberties with a child; Entry 2, a 1975 Kansas conviction for rape; and Entry 8, a 1987 Kansas conviction for attempted aggravated kidnapping.

The district court denied Greene's objection to the classification of Entries 1, 2, and 8 as person felonies. Greene's 1975 Kansas rape conviction was classified as an adult felony for sentence enhancement. Greene's two remaining person felony convictions placed him in criminal history category B. The district court adjudged Greene a persistent sex offender and doubled his maximum sentence for a controlling sentence of 1,236 months' imprisonment.

Greene now appeals his sentence raising two issues: (1) The Kansas persistent sex offender sentencing scheme violates *Apprendi*, and (2) we should follow *Murdock* to determine his correct sentence in this case.

ANALYSIS

*Kansas' persistent sex offender sentencing scheme does not violate* Apprendi.

*Standard of Review*

Whether a statute is constitutional is a question of law subject to unlimited review. *State v. Soto*, 299 Kan. 102, Syl. ¶ 8, 322 P.3d 334 (2014).

*Discussion*

Greene argues the sentencing scheme for a persistent sex offender is unconstitutional and violates his rights under the Sixth and Fourteenth Amendments to the United States Constitution by requiring additional factfinding at sentencing by the district court in violation of *Apprendi*, 530 U.S. at 490.

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. The use of a defendant's criminal history to increase the sentence imposed does not violate *Apprendi. State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). *Ivory* has been repeatedly upheld. See *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013); *State v. Fewell*, 286 Kan. 370, 393-96, 184 P.3d 903 (2008). This court is bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51

3

Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). We have observed no indication the Supreme Court is departing from its previous position.

The sentence for any persistent sex offender whose current crime of conviction carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. K.S.A. 21-4704(j)(1).

> "(2) Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A)(i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717, and amendments thereto; and (ii) at the time of the conviction under subsection (A)(i) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717, and amendments thereto in this state or comparable felony under the laws of another state." K.S.A. 21-4704(j)(2).

The sentencing court is not required to make any factual findings beyond the existence of a prior conviction in adjudging a defendant a persistent sex offender. Our Supreme Court addressed this same issue in *State v. Moore*, 274 Kan. 639, 653-54, 55 P.3d 903 (2002), and found 21-4704(j) does not violate *Apprendi*. Thus, the district court properly applied Greene's criminal history without any factfinding to determine he was a persistent sex offender.

Murdock *does not apply*.

*Standard of Review*

Whether a prior conviction should be classified as a person or nonperson offense involves interpretation of the revised Kansas Sentencing Guidelines Act, K.S.A. 2015 Supp. 21-6801 *et seq.* (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Keel*, 302 Kan. at 571.

*Discussion*

Greene argues the district court erred in scoring his three pre-1993 Kansas convictions—a 1975 Kansas rape conviction, a 1975 Kansas conviction for aggravated indecent liberties with a child, and a 1987 Kansas conviction for attempted aggravated kidnapping—as person felonies. Greene asserts these convictions should have been scored as nonperson felonies under *Murdock*, 299 Kan. at 313.

This court is bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *Belone*, 51 Kan. App. 2d at 211. Accordingly, *Murdock* cannot be applied to the claims Greene raises on appeal since *Murdock* was explicitly overruled by *Keel*, 302 Kan. 560, Syl. ¶ 9. The district court, therefore, did not err in finding *Murdock* does not apply to Greene's prior convictions, and in accordance with *Keel*, "the classification of a prior conviction or juvenile adjudication for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed." 302 Kan. 560, Syl. ¶ 9.

Affirmed.