NOT DESIGNATED FOR PUBLICATION

No. 121,370

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

CONNOR E. JENKINS,
*Appellant.*


MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed July 10, 2020. Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., MALONE and BRUNS, JJ.


PER CURIAM: Connor E. Jenkins appeals his sentence following his conviction of burglary of a motor vehicle. Jenkins claims the district court erred by applying a non-applicable special sentencing rule for repeat burglary and theft convictions that turned his presumptive probation sentence into a presumptive prison sentence. Jenkins is correct about the district court misapplying the special sentencing rule in his case. But Jenkins has now served his 11-month prison sentence. As a result, we are unable to grant Jenkins the relief he is requesting on appeal and we dismiss his appeal as moot.

1

FACTS

In 2016, Jenkins pled no contest to burglary of a motor vehicle in exchange for dismissal of other charges. The district court released Jenkins on an own recognizance bond until sentencing. Jenkins did not appear at the scheduled sentencing hearing. Instead, he absconded to Arizona where he committed and was convicted of three nonresidential burglaries and also three separate counts of theft.

In 2019, Jenkins was extradited back to Kansas for sentencing. Based on his criminal history score of E, Jenkins' presumptive sentence was 9-11 months' imprisonment with presumed probation. The district court found that Jenkins' three Arizona burglary convictions triggered K.S.A. 2019 Supp. 21-6804(p), which converted the presumptive disposition of Jenkins' case from probation to prison. The district court sentenced Jenkins to 11 months' imprisonment with 12 months' postrelease supervision.

Jenkins timely appealed his sentence. While his appeal was pending, the State filed a notice of change of custodial status indicating that Jenkins was released from prison to postrelease supervision on October 24, 2019. The postrelease supervision period will expire in October 2020. Jenkins does not dispute his noncustodial status.

CAN JENKINS RECEIVE RELIEF IN THIS APPEAL?

Jenkins claims the district court erred by applying the special rule for repeat burglary and theft convictions, contained in K.S.A. 2019 Supp. 21-6804(p), to change his presumptive probation sentence to a presumptive prison sentence. Jenkins argues the special rule only counts prior Kansas convictions and thus, should not have been applied based on his prior Arizona burglary convictions. Jenkins asks this court to vacate his sentence and remand the case for resentencing. The State concedes the special rule

2

applies only to Kansas convictions and should not have been applied in Jenkins' case. But the State argues the issue is moot because Jenkins has served his sentence.

As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). The mootness doctrine is one of court policy, under which the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" 295 Kan. at 840. An issue is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 295 Kan. at 840-41. Because mootness is a doctrine of court policy, appellate review is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

As the party asserting mootness, the State bears the burden of establishing a prima facie showing of mootness, which can be done by showing the defendant has "fully completed the terms and conditions of his or her sentence." See *State v. Roat*, No. 113,531, 2020 WL 3395865, at *8 (Kan. 2020). Here, the State established that Jenkins' served his underlying term of incarceration. But Jenkins argues he has not completed his sentence because he is still serving a postrelease supervision term that can be revoked on a violation.

Caselaw exists to support each parties' contention that Jenkins' placement on postrelease supervision determines mootness. To support his argument that his appeal is not moot because he is on postrelease supervision, Jenkins cites *State v. Hildebrandt*, 270 Kan. 1, 3, 12 P.3d 392 (2000) (sentencing appeal addressing whether defendant was properly imprisoned following his release from Larned State Security Hospital), and *State v. Black*, 36 Kan. App. 2d 593, 594, 142 P.3d 319 (2006) (sentencing appeal addressing

3

whether defendant received proper jail credit). In support of the State's argument, many panels of this court have recently found in unpublished opinions challenging criminal history scores, that a sentencing appeal is moot when the defendant has served the underlying term of confinement and is on postrelease supervision. See, e.g., *State v. Barnes*, No. 117,783, 2018 WL 6005417, at *2 (Kan. App. 2018) (unpublished opinion) (collecting cases that say same), *rev. denied* 310 Kan. 1063 (2019).

However, these opinions were issued before our Kansas Supreme Court disavowed "a 'bright line' test, such as one that renders a sentencing appeal necessarily moot if the sentence is completed." *Roat*, 2020 WL 3395865, at *8. Instead, the Kansas Supreme Court has instructed that "a determination of mootness must . . . include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." *Roat*, 2020 WL 3395865, at *8. The appellant bears the burden to demonstrate the existence of a meaningful interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. *Roat*, 2020 WL 3395865, at *8.

Accepting that Jenkins' appeal should not be summarily deemed moot based on a bright line rule regarding completion of his sentence, we will examine Jenkins' arguments against mootness and his requested relief. Jenkins first requests this case be remanded for resentencing with instruction not to apply the special rule. But we find that resentencing is no longer available in this case based on our Supreme Court's decision in *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018). In *Kinder*, the district court sentenced Kinder to an underlying sentence of 9 months' imprisonment and granted probation for 18 months. Kinder received 360 days of jail-time credit to be applied to his sentence. Kinder appealed, arguing he could not be sentenced to probation when he already served 360 days in custody, which was more than the underlying term of imprisonment. The Kansas Supreme Court agreed, reasoning that a sentence is suspended in exchange for imposition

4

of probation and if the underlying sentence has been served, there is no sentence to suspend in exchange for probation. 307 Kan. at 243.

*Kinder* stands for the proposition that a defendant in a criminal case cannot be placed on probation if he or she has already served the underlying term of the sentence. But that is exactly the relief Jenkins is asking for here. If we vacate Jenkins' sentence and remand for resentencing as he is asking us to do, he would be in the same situation precluded by *Kinder*. Without applying the special rule, Jenkins would be presumptive probation at resentencing. See K.S.A. 2019 Supp. 21-6804(a). But Jenkins has already served his underlying prison sentence and cannot be placed on probation. As a result, we are unable to grant Jenkins the relief he is requesting on appeal.

Jenkins also argues that his appeal is not moot because he could obtain relief at resentencing by being released from postrelease supervision. Jenkins cites no authority to support this argument and we believe there is none. K.S.A. 2019 Supp. 22-3717(d)(1) states that postrelease supervision is mandatory. See *State v. Gaudina*, 284 Kan. 354, 368, 160 P.3d 854 (2007). Moreover, in *Kinder* the court agreed that the appropriate disposition of the case where Kinder had served his full prison sentence was to impose the required 12-month term of postrelease supervision, but the court did not enter that order only because Kinder had already been under supervision for more than 12 months. 307 Kan. at 243-44. Thus, if the district court resentences Jenkins in this case, it has no authority to simply release him from his mandatory term of postrelease supervision.

Because we are unable to grant Jenkins the relief he is requesting on appeal, we find the appeal is moot. But because mootness is not a question of jurisdiction, the doctrine is amenable to exceptions. *Montgomery*, 295 Kan. at 841. Jenkins correctly argues that one exception to the mootness doctrine is when the issue is capable of repetition and raises concerns of public importance. *Hilton*, 295 Kan. at 850. Public importance requires "'something more than that the individual members of the public are

interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.'" 295 Kan. at 851.

Jenkins argues his issue fits the exception because "the issue repeatedly recurs, but those subject to the error typically receive short sentences that cannot be successfully appealed prior to their expiration." But Jenkins provides no authority to support his assertion that this issue "repeatedly recurs." In fact, Jenkins cites only one prior case addressing this issue, *State v. Kelly*, No. 100,398, 2009 WL 3378205 (Kan. App. 2009) (unpublished opinion), suggesting the rule's application is not commonly challenged. Moreover, both Jenkins and the State agree that the language of K.S.A. 2019 Supp. 21-6804(p) is clear that the special sentencing rule applies only to prior Kansas burglary and theft convictions, so the issue presented here is not one that should be causing much confusion in the district courts. Thus, although the issue here is capable of repetition, we are unable to find that it raises a concern of public importance.

We close by acknowledging that it is unfortunate that Jenkins' meritorious claim could not be resolved on appeal before he completely served the underlying term of his prison sentence. But Jenkins' appeal is moot because we are unable to grant him the relief he is requesting and there is no exception to the mootness doctrine that applies here. Further, he fails to establish that an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications. Under these circumstances, we dismiss Jenkins' appeal as moot.

Appeal dismissed.