NOT DESIGNATED FOR PUBLICATION

No. 112,681

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANK JAMES BURNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed January 15, 2016. Affirmed.

*Kevin Loeffler*, of Newton, for appellant.

*Jamie L. Karasek*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S.J.

*Per Curiam*:  Frank James Burnett appeals from the denial of his motion for more jail-time credit. When Burnett was sentenced, the trial court awarded Burnett jail-time credit only for the times he spent in the McPherson County Jail during the pendency of his case. On appeal, Burnett argues that he is entitled to jail-time credit for each day he spent in custody before his sentencing, regardless of whether he was physically in the custody of the McPherson County Jail or physically in the custody of the Kansas Department of Corrections (KDOC). This amounts to 146 days of additional jail-time credit. Nevertheless, finding no merit in Burnett's argument, we affirm.

1

On July 24, 2006, the State charged Burnett with one count of aggravated kidnapping, rape, aggravated burglary, aggravated battery, misdemeanor theft, and criminal damage to property in McPherson County case 06CR174. On July 25, 2006, police arrested Burnett for these charges.

On May 16, 2007, Burnett's jury trial began. The jury ultimately found Burnett guilty of aggravated burglary, aggravated battery, and criminal damage to property. On September 10, 2007, the trial court sentenced Burnett to a controlling sentence of 130 months' imprisonment. The trial court ordered that Burnett's sentence in McPherson County case 06CR174 run concurrent to his 32-month prison sentence in Butler County case 05CR200 and his 38-month prison sentence in McPherson County case 05CR195. Burnett's presentence investigation report indicates that Burnett was convicted of the charges associated with Butler County case 05CR200 on August 1, 2006, and Burnett was convicted of the charges associated with McPherson County case 05CR195 on September 21, 2006. The journal entries for these cases are not included in the record on appeal.

On September 11, 2007, Burnett filed a notice of appeal with this court.

At Burnett's sentencing hearing, the trial court did not address how much jail-time credit Burnett was entitled, but in Burnett's journal entry of judgment, which was filed September 26, 2007, the trial court awarded Burnett 267 days of jail-time credit. Burnett received jail-time credit for the following time periods: July 25, 2006, to March, 12, 2007; March 22, 2007, to March 23, 2007; April 9, 2007, to April 10, 2007; May 15, 2007, to May 23, 2007; and August 14, 2007, to September 10, 2007. Burnett's journal entry also stated that this made Burnett's effective sentencing date September 10, 2007.

On October 3, 2007, Burnett wrote a letter to the trial court in which he argued that the trial court erred in calculating his jail-time credit in two ways. First, Burnett

2

argued that the trial court incorrectly calculated his effective sentencing start date to be September 10, 2007, since the trial court awarded him 267 days of jail-time credit and he was actually sentenced on September 10, 2007. Second, Burnett argued that he should have been awarded jail-time credit from July 25, 2007, the day of his arrest, to September 10, 2007, the day of his sentencing.

The trial court held a hearing on Burnett's jail-time credit challenge. Although a transcript of the hearing is not included in the record on appeal, the journal entry from this hearing, which was filed on November 1, 2007, is included in the record on appeal. The trial court ruled that it erred in determining Burnett's effective sentencing start date, amending Burnett's effective sentencing start date to December 17, 2006. But, the trial court did not award Burnett with any additional jail-time credit. Burnett did not appeal from the trial court's ruling.

Meanwhile, Burnett continued with his direct appeal to this court. In his direct appeal, Burnett made five arguments, none of which involved the trial court's jail-time-credit calculation. *State v. Burnett*, No. 99,539, 2009 WL 2595893 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1096 (2010). This court ultimately affirmed Burnett's convictions and dismissed his sentencing issue. 2009 WL 2595893, at *3-4.

On July 29, 2013, Burnett moved to correct the trial court's jail-time credit calculation. In this motion, Burnett again argued that he was entitled to jail-time credit from July 25, 2007, the day of his arrest, to September 10, 2007, the day of his sentencing. The trial court appointed an attorney to represent Burnett and held a hearing on Burnett's motion. At the end of the hearing, the trial court requested that the State and Burnett submit briefs on the motion. In the State's brief, the State pointed out that the trial court had already determined that Burnett was entitled to only 267 days of jail-time credit after Burnett made the same jail-time credit challenge in October 2007. The State

3

asserted that the trial court could not rehear this challenge because the "law of the case" was established. The trial court agreed and denied Burnett's motion.

*Did the Trial Court Err by Denying Burnett's Jail-time Credit Motion?*

On appeal, Burnett argues that the trial court erred in denying his jail-time-credit motion. Burnett argues that he "was entitled to jail credit for all time he spent in custody on this case, regardless of whether he was physically being held in the McPherson County Jail or in the Department of Corrections" given that the trial court ordered that his sentence in this case run concurrent to his sentences in Butler County case 05CR200 and McPherson County case 05CR195. Burnett requests that this court award him with an additional 146 days of jail-time credit.

Nevertheless, the State counters that this court lacks jurisdiction to consider Burnett's appeal because his appeal is untimely. Moreover, the State argues that Burnett's appeal is barred by res judicata.

*Is Burnett's Appeal Untimely?*

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Looney,* 299 Kan. 903, 906, 327 P.3d 425 (2014). A defendant's right to appeal is statutory. *State v. Ehrlich*, 286 Kan. 923, 924, 189 P.3d 491 (2008). An appellate court lacks jurisdiction to review a defendant's convictions or sentences if that defendant fails to appeal within the time limits prescribed by statute. 286 Kan. at 925. Because jail-time credit affects the start date of a defendant's prison sentence, the trial court's jail-time credit determination is a part of sentencing. See K.S.A. 2014 Supp. 21-6615; see also *State v. Muldrow*, No 107,291, 2013 WL 1149704, at *2 (Kan. App. 2013) (unpublished opinion), *rev. denied* 297 Kan. 1253 (2013). Accordingly, unless a defendant appeals the trial court's jail-time credit determination as part of a direct

appeal, this court lacks jurisdiction to consider jail-time credit challenges. See *State v. Wages*, No. 111,260, 2015 WL 1123371, at *2-3 (Kan. App. 2015) (unpublished opinion) *rev. denied* 322 Kan. __ (September 23, 2015); *State v. Lakin*, No. 111,060, 2014 WL 5313708, at *2 (Kan. App. 2014) (unpublished opinion); *State v. Walker*, No. 109,309, 2014 WL 902153, at *1, 3-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (March 12, 2015). When Burnett was sentenced, Burnett had 10 days to appeal the judgment of the trial court. See K.S.A. 2014 Supp. 22-3608(c).

Here, the trial court determined that Burnett was entitled to 267 days of jail-time credit. Given that the trial court did not discuss Burnett's jail-time credit award at sentencing, it seems Burnett would not have been aware of his exact jail-time credit award until the trial court filed his journal entry on September 26, 2007, which was after the filing of his notice of appeal. Regardless, Burnett failed to appeal the trial court's jail-time-credit determination within 10 days of sentencing (September 10, 2007), 10 days of the filing of the journal entry (September 26, 2007), *or* 10 days of the trial court's journal entry denying his first jail-time-credit challenge. This journal entry was filed on November 1, 2007. As a result, Burnett has clearly failed to appeal the trial court's jail-time-credit determination within the 10-day time limits stated in K.S.A. 2014 Supp. 22-3608(c). Consequently, Burnett's appeal is untimely.

It is also important to note that although this court has previously construed a defendant's jail-time credit motion as a motion to correct an illegal sentence or a motion under K.S.A. 60-1507, those situations do not apply in this case. In *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001), our Supreme Court held that a defendant's jail-time-credit motion cannot be construed as a motion to correct an illegal sentence when a defendant merely challenges the trial court's jail-time-credit determination without asserting that his or her sentence is illegal under K.S.A. 22-3504(1). In Burnett's motion, Burnett never asserts that his sentence is illegal. Burnett merely asserts that he is entitled to more jail-time credit. Thus, based on our Supreme Court's holding in *Lofton*, this court

5

cannot construe Burnett's motion as a motion to correct an illegal sentence. Similarly, this court cannot construe Burnett's jail-time-credit motion as a K.S.A. 60-1507 motion because Burnett never argued that his sentence was illegal or unconstitutional as stated under K.S.A. 60-1507. See *Muldrow*, 2013 WL 1149704, at *3 (citing *State v. Chambers,* No. 100,493, 2009 WL 2436683 (Kan. App. 2009) (unpublished opinion), *rev. denied* 289 Kan. 1281 [2010]), holding this court would not construe Muldrow's jail-time-credit motion as a K.S.A. 60-1507 motion because his arguments "[did] not fall within the confines contemplated by K.S.A. 60-1507 as an illegal or unconstitutional sentence."

*Is Burnett's Motion Barred by Res Judicata?*

Moreover, the State correctly argues that Burnett is barred from challenging the trial court's jail-time-credit determination as a matter of res judicata. Whether the doctrine of res judicata applies is an issue of law over which appellate courts exercise de novo review. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012). The following four elements must exist for a defendant's claim to be barred by res judicata: (1) same claim, (2) same party, (3) claims that were or could have been previously raised, and (4) a final judgment on the merits. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). Under the doctrine of res judicata, once the court has made a final determination, that court's final determination cannot be relitigated. 299 Kan. at 901.

As previously stated, it seems Burnett became aware of his 267 day jail-time-credit award after the filing of his notice of appeal. Upon receiving his journal entry, Burnett challenged the trial court's jail-time-credit determination by letter, dated October 3, 2007. The trial court held a hearing on this motion but determined that Burnett was entitled to only 267 days of jail-time credit. Burnett did not appeal from this order, filed and dated November 1, 2007, and there is no indication that Burnett attempted to include his jail-time-credit challenge in his direct appeal. See *Burnett*, 2009 WL 2595893, at *1-4. Thus, when the trial court ruled that Burnett was entitled to only 267 days of jail-time

credit, the trial court's decision became final. This means Burnett's July 2013 motion for more jail-time credit, which involved the same parties and issue as his October 2007 challenge, was barred by res judicata. Therefore, Burnett's appeal from the denial his July 2013 motion for more jail-time credit is also barred by res judicata. For application of res judicata in jail-time credit cases, see *State v. Blazier*, No. 110,070, 2014 WL 4916599, at *3 (Kan. App. 2014) (unpublished opinion); *Walker*, 2014 WL 902153, at *3-4; *State v. Olson*, No. 102,226, 2010 WL 2978044, at *3 (Kan. App. 2010) (unpublished opinion).

Finally, there is no merit to Burnett's argument. The right to jail-time credit is statutory. *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014). Under K.S.A. 2014 Supp. 21-6615(a), a sentencing court must give a defendant credit "for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Nonetheless, "[a] defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges." *Campbell v. State*, 223 Kan. 528, Syl. ¶ 2, 575 P.2d 524 (1978). In other words, "[t]he provisions of [K.S.A. 2014 Supp. 21-6615] are mandatory and require that a criminal defendant sentenced to incarceration be given credit for all time spent in custody solely on the charge for which [the defendant] is being sentenced." *State v. Harper*, 275 Kan. 888, Syl. ¶ 1, 69 P.3d 1105 (2003).

Here, Burnett argues he was entitled to jail-time credit for each day the trial court failed to award him for from the date of his arrest on July 25, 2006, up to the date he was sentenced on September 10, 2007. Burnett argues that he was entitled to jail-time credit for all of this time because the trial court ordered that his sentence in this case run concurrent to his sentences in Butler County case 05CR200 and McPherson County case 05CR195. The trial court, however, only awarded him with jail-time credit for dates he spent in the custody of the McPherson County Jail, not for dates he spent in the custody

7

of the KDOC while serving those other sentences: O5CR200 and O5CR195. Precisely, Burnett asks for 146 days of additional jail-time credit for dates spent in KDOC's custody during the pendency of this case. Based on what Burnett alleges, it seems Burnett wants jail-time credit for the following dates: March 12, 2007, to March 22, 2007; March 24, 2007, to April 9, 2007; April 11, 2007, to May 15, 2007; and May 23, 2007, to August 14, 2007.

Yet, Burnett's argument is flawed. The fact that Burnett recognizes that he was already in the custody of the KDOC proves that he was not being held solely on the charges in this case. Moreover, although there is very little in the record on appeal concerning Burnett's convictions in Butler County case 05CR200 and McPherson County case 05CR195, the record does indicate that Burnett was convicted and sentenced to prison in those cases while this case was pending. A motion by the State reports that Burnett was sentenced in Butler County case 05CR200 on September 21, 2006, and in McPherson County case 05CR195 on November 27, 2006. Thus, based on what is available in the record on appeal, it seems Burnett may have received too much jail-time credit rather than too little jail-time credit given that he was also in custody for wholly unrelated prison sentences during the pendency of this case.

As a final note, although the State asserts that it believes Burnett received too much jail-time credit in its brief, it does not ask this court to rectify this error. In any case, the State invited this error by signing off on the trial court's journal entry awarding Burnett 267 days of jail-time credit. A litigant may not invite error and then complain of the error on appeal. See *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Additionally, the State has not filed a cross-appeal that would allow this court to reach this issue. See *State v. Devaney*, No. 110,722, 2015 WL 2131509, at *4 (Kan. App. 2015), where Devaney was awarded too much jail-time credit, but this court refused to consider whether the trial court erred in granting that credit because the State invited any error and did not cross-appeal Devaney's sentences.

Affirmed.