NOT DESIGNATED FOR PUBLICATION

Nos. 126,989
126,990

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAALISE THOMAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed March 28, 2025. Affirmed.


*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.


*Julie A. Koon*, assistant district attorney, *Marc Bennett,* district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.


PER CURIAM:  Kaalise Thomas spent 134 days incarcerated while awaiting disposition of two separate cases. The district court sentenced him in two separate cases to a controlling term of imprisonment of 219 months—172 months in one case and 47 months in the second case to be served consecutively—and applied 134 days of jail-time credit to Thomas' total sentence. Thomas claims on appeal that the district court should have awarded him 134 days of jail-time credit in each case for a total of 264 days toward his entire term of imprisonment. This court disagrees.

1

Defendants are entitled to one day of jail-time credit for each day of imprisonment awaiting disposition of their case—not one day of credit toward each case. Thomas' claim would create an absurd result inconsistent with the statutory language, purpose of awarding jail-time credit, and precedent. Finding no error, this court affirms the district court's jail-time credit award.

FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2022—after the district court convicted Thomas in two separate cases pursuant to a plea agreement he entered with the State—it sentenced him in both cases. The court sentenced Thomas to 172 months in prison with 36 months of postrelease supervision in case No. 20CR2500 and to 47 months in prison on two separate counts with postrelease supervision of 12 months in case No. 21CR108. The court ordered that the total sentence in 21CR108 run consecutive to the sentence in 20CR2500, for a controlling sentence of 219 months in prison. However, the district court was persuaded by Thomas' motion for dispositional departure and suspended the prison sentences and ordered Thomas to serve 36 months of probation under K.S.A. 21-6608(c)(5).

On May 8, 2023—about a year into his probation—Thomas' intensive supervision officer alleged Thomas committed six probation violations: submission of urine samples unsuitable for testing on three occasions; failure to notify his intensive supervision officer within 24 hours of employment change; possession of a medication bottle with an unknown liquid inside; and failure to obtain a new drug and alcohol evaluation. After an evidentiary hearing which included testimony from Thomas and his supervision officer, the court found Thomas violated his probation on five of the six allegations.

The court then considered the appropriate disposition and determined that Thomas' failure to obtain the drug and alcohol evaluation was a significant concern and noted that

2

he previously served a two-day quick dip sanction. However, the court also explained that because Thomas' original sentences were departures from presumptive imprisonment, it was not required to impose intermediate sanctions before revoking his probation. After emphasizing Thomas' criminal history score of A, the court revoked Thomas' probation and imposed the full underlying 219 months of imprisonment—172 months in 20CR2500 and 47 months in 21CR108. The court also denied Thomas' requests for a sentence modification and for the cases to run concurrent rather than consecutive.

The district court's journal entry for the probation revocation in 20CR2500 includes a jail-time credit award of 134 days—122 days of credit from Thomas' original sentencing plus 12 days for time in jail during his probation. The journal entry for the probation revocation in 21CR108 states a jail credit of zero days, noting "[f]or dates above not awarded, defendant also held on 20CR2500."

Thomas appealed, and this court ordered the cases to be consolidated and decided under case No. 126,989.

DISCUSSION

Thomas makes just one claim on appeal—that the district court erred by not awarding him 134 days of jail-time credit in both 20CR2500 and 21CR108. Although Thomas did not raise this jail-time credit challenge in the district court, this court may exercise its discretion to resolve unpreserved claims for the first time on appeal. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021) (recognizing exceptions under which the appellate court has prudential authority to review unpreserved claims, including when "the new claim raises only a question of law based on uncontested facts"). Thomas argues that the Kansas Supreme Court's decision in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023)*,* which was issued after Thomas filed his notice of appeal, changed the law

3

and entitles him to redress. Given that Thomas' appeal was pending when Hopkins was decided, and it raises a question of law on proved or admitted facts, this court will address his unpreserved claim. See *Rhoiney,* 314 Kan. at 372; *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (There is a "longstanding rule that in a direct appeal, a defendant will receive the benefit of any change in the law that occurs while the direct appeal is pending.").

Thomas' claim requires this court to interpret the applicable statute and determine whether he received the correct jail-time credit award—a question of law over which this court exercises unlimited review. See *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019); *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997) (The right to jail time credit is statutory.). The applicable statute requires that the defendant's jail-time credit toward their sentence "reflect and shall be computed as an allowance for the time that the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 21-6615(a)(1). For decades, the Kansas Supreme Court interpreted this statute to require "a sentencing court to give a defendant credit for each day spent in jail, solely on account of the offense for which the defendant is being sentenced." *Campbell v. State*, 223 Kan. 528, Syl. ¶ 1, 575 P.2d 524 (1978). Under that interpretation, "[a] defendant [was] not entitled to credit on a sentence for time which he [had] spent in jail upon other, distinct, and wholly unrelated charges." 223 Kan. 528, Syl. ¶ 2. As the Kansas Supreme Court explained in 2023, the rule had become "unworkable and inconsistently applied," which often occurred when the defendant faced charges in multiple cases. *Hopkins*, 317 Kan. at 657.

In *Hopkins*, the court overruled its longstanding precedent and held that the statute requires "the sentencing court to give a defendant 'an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.'" 317 Kan. at 657. According to the court, "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case," regardless of the case

4

causing the detention. 317 Kan. at 657. As a panel of this court explained, the *Hopkins* court "cast away its previous requirement that a defendant only receive credit for when they were held solely on the crime charged for a simplified rule that a defendant receive one day of credit for each day spent in jail." *State v. Feikert*, 64 Kan. App. 2d 503, 506, 553 P.3d 344 (2024), *petition for rev. filed* August 12, 2024.

However—as Thomas attempts here—even the simplest rules can be complicated by the creative litigant. Rather than receiving one day of jail-time credit for each day spent incarcerated pending the disposition of his cases, Thomas seeks a jail-time credit award of 134 days for *each* case sentenced. Thomas argues the *Hopkins* holding—that jail-time credit must be awarded "for all time spent incarcerated while the defendant's case was pending disposition"—means that when a defendant receives consecutive sentences, the court must award the total jail-time credit to *each* sentence. See 317 Kan. 652, Syl. ¶ 1. This means that Thomas would receive 268 days off his total sentence of imprisonment—although he only served 134 days incarcerated before his probation revocation.

While Thomas' argument is illogical and inconsistent with the court's holding in *Hopkins,* he is not the first defendant to make it. See *Feikert*, 64 Kan. App. 2d at 503-04. In *Feikert*, a panel of this court applied *Hopkins* under comparable facts where the defendant had consecutive sentences imposed in separate cases. 64 Kan. App. 2d at 504. As here, the defendant argued the district court erred by awarding jail-time credit in just one of his cases and providing only one day of jail-time credit for each day spent in jail pending the cases' dispositions. As the *Feikert* panel explained, while *Hopkins* did not address a method for applying jail-time credit in multiple cases where consecutive sentences are imposed, the Kansas Supreme Court has previously held that a defendant who receives consecutive prison sentences is only entitled to credit toward one of those sentences—not both. 64 Kan. App. 2d at 508 (citing *State v. Lofton*, 272 Kan. 216, 32 P.3d 711 [2001]). The *Feikert* panel explained that "[w]hen consecutive sentences are

5

imposed in separate cases, the defendant is entitled to a single day of jail credit for each day spent in jail while those cases are pending. A defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases." 64 Kan. App. 2d 503, Syl. ¶ 2.

*Feikert* persuasively applies a "common-sense rule that a defendant should receive one day of credit—not multiple days—toward a controlling prison sentence for every day spent in jail." 64 Kan. App. 2d at 508. This result is not only logical—crediting defendants for actual time spent incarcerated pending disposition—it is also consistent with the duplicative credit issue in other contexts. See *State v. Davis*, 312 Kan. 259, 288, 474 P.3d 722 (2020). In *Davis*, for example, the court held that the defendant was not entitled to a jail-time credit against a sentence where the jail-time credit had already been "used up" in another case to which its sentence would run consecutive. 312 Kan. at 288. This court does not read *Hopkins* to create any uncertainty or ambiguity regarding the application of duplicative jail-time credit when a defendant receives consecutive sentences or any intent to change the longstanding rule of day-for-day jail-time credit.

CONCLUSION

Thomas is not entitled to double the jail-time credit for the time he spent incarcerated awaiting disposition of his cases. The district court's award of 134 days of jail-time credit toward Thomas' controlling 219-month sentence is affirmed.

Affirmed.

6