NOT DESIGNATED FOR PUBLICATION

Nos. 118,316
118,317
118,318

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALLEN J. STEELE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 5, 2018. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GREEN and MALONE, JJ.


PER CURIAM: Allen J. Steele appeals the district court's summary denial of his pro se motion to receive additional jail time credit. Steele claims that he is entitled to jail credit under K.S.A. 2017 Supp. 21-6615(b) for the time he lived in a residential facility called the Lincoln House while he was on probation in three separate cases in district court. For the reasons stated herein, we remand this case to the district court to determine whether the Lincoln House qualifies as a residential facility under the statute.

1

FACTS

Steel was on probation in three Sedgwick County cases following his convictions of two counts of forgery in 12CR1112, possession of methamphetamine in 13CR988, and trafficking contraband in a correctional institution in 13CR3143. On June 26, 2015, Steele stipulated to violating the terms of his probation and the district court revoked his probation, imposing his underlying sentences and awarding 552 days of jail credit.

On April 24, 2017, Steele filed a pro se motion for an order nunc pro tunc requesting 271 additional days of jail credit. Paragraph four of the motion requested that Steele receive jail credit for all the time he spent in community corrections intensive supervision, specifically in the residential program and at the "Lincoln House." The motion did not describe the Lincoln House or explain the nature of the facility, and it did not specify the amount of time Steele lived at the Lincoln House or whether it was under court order. The next month, Steele filed a pro se motion for a dispositional or a durational departure asking for a departure from or modification of his sentence. Steele also filed a motion for the appointment of counsel to represent him in the motions.

On May 10, 2017, the State filed a response to Steele's motion for additional jail credit. The State's response referred to the Lincoln House and described it as a "transitional living house." The response asserted that Steele's claim for credit for time he spent at the Lincoln House was "conclusory because [Steele] has not provided any proffer regarding the actual dates he lived at Lincoln House and how it would qualify for credit."

On May 26, 2017, the district court filed a minute sheet summarily denying Steele's motion for jail credit. The order stated in its entirety that "Defendant is not entitled to jail credit for time spent on probation." The district court also summarily denied Steele's motion for a departure and his motion for appointment of counsel.

On June 7, 2017, Steele filed a notice of objection to the district court's rulings. In the notice, Steele objected to the denial of appointed counsel for his motions. Steele also objected to the district court's failure to make sufficient findings of fact and conclusions of law to allow for meaningful appellate review. The record reflects no response by either the State or the district court to Steele's notice of objection. Steele filed a pro se notice of appeal and received appointed counsel for the appeal.

ANALYSIS

On appeal, Steele claims the district court erred in summarily denying his motion for additional jail credit. Steele admits that his motion is partially without merit to the extent that it requested additional credit for his participation in residential programs between January 29, 2014, and May 15, 2014, and between October 8, 2014, and February 3, 2015, because the record reflects that the district court already had awarded him jail credit for those dates. Steele also makes no claim that the district court erred in denying his motion for a departure sentence. Issues not briefed by the appellant are deemed waived or abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

The only claim Steele makes on appeal is that the district court erred in summarily denying his claim for jail credit for the time he resided at the Lincoln House while he was on probation. Steele asserts that the Lincoln House was a "halfway house" where he began residing on February 3, 2015, until he later absconded. Steele asserts that his motion "may be partially meritorious" as to the time he spent at the Lincoln House, and he asks this court to "remand this case for development of a record" to determine whether he is entitled to jail credit for the time he lived at the Lincoln House while on probation.

The State argues that the district court did not err in denying Steele's pro se motion seeking jail credit for time that he spent on probation. As for whether Steele is entitled to

3

credit for time that he lived at the Lincoln House, the State argues that Steele "did not proffer to the district court that he was ordered to reside at Lincoln House as a requirement of his probation, the actual dates that he lived at Lincoln House, or how his time at Lincoln House would qualify for jail credit." The State argues that generally the appellant has the burden to designate a record that affirmatively establishes the claimed error, and here Steele has failed to do so.

The right to jail credit is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Under K.S.A. 2017 Supp. 21-6615(b), Steele is entitled to credit towards his sentence for any time he spent at a "residential facility" while on probation. Whether the Lincoln House is a "residential facility" is a question of law subject to our unlimited review. *State v. Brown*, 38 Kan. App. 2d 490, 491, 167 P.3d 367 (2007). In *Brown*, this court stated that in determining whether a halfway house is a residential facility, the court "must examine each facility to see if there are any program requirements for the facility, and if there are, the court must determine if they have a rehabilitative component." 38 Kan. App. 2d at 493-94. This court also stated that "the degree of liberty each defendant has at the facility can be instructive to a court deciding to give credit. Time spent in the more restrictive facility should be given credit." 38 Kan. App. 2d at 494.

As for Steele's stay at the Lincoln House, nothing in record helps us determine whether the Lincoln House qualifies as a residential facility under K.S.A. 2017 Supp. 21-6615(b). A letter from Steele's intensive supervision officer states that Steele's stay at the Lincoln House began on February 3, 2015, but the officer did not know of an end date, as Steele had absconded. Other than that, Steele provides no information about his stay at the Lincoln House, such as the dates he lived there or information relating to any of the

4

factors we would consider in determining if it is a residential facility, such as its rules and regulations or its rehabilitative programing.

In response to this problem, Steele points out that this court faced a similar situation in *State v. Taylor*, 27 Kan. App. 2d 539, 6 P.3d 441 (2000). There, the defendant spent time at a halfway house, but the record on appeal was unclear whether the halfway house qualified as a residential facility. The *Taylor* court remanded the case to the district court with instructions to determine whether the halfway house was a residential facility and whether the defendant was placed there as a condition of his probation. 27 Kan. App. 2d at 543; see also *State v. Haney*, No. 107,497, 2013 WL 1859207, at *4 (Kan. App. 2013) (unpublished opinion) (remanding for findings of fact and conclusions of law when the defendant's status at a residential facility was unknown).

The State makes a good point that generally, the "appellant has the burden to designate a record that affirmatively establishes the claimed error. Without such a record, an appellate court presumes the action of the trial court was proper." See *State v. Goodson*, 281 Kan. 913, 919, 135 P.3d 1116 (2006). Under this general rule, we could deny Steele's claim on appeal for failure to meet his burden of establishing error.

But pro se pleadings, like the one filed by Steele, should be liberally construed by the courts. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Steele's pro se motion specifically requested jail credit for the time he spent at the Lincoln House. Steele filed a separate motion for appointed counsel to help him develop his argument before the district court, but this request was denied. After the district court filed its one-sentence ruling summarily rejecting Steele's motion for jail credit, Steele objected to the sufficiency of the district court's findings of fact and conclusions of law. The record does not reflect that the district court responded to Steele's objection.

Under these circumstances, and consistent with our prior ruling in *Taylor*, we conclude the most appropriate action is to reverse the district court's summary denial of Steele's motion for additional jail credit. We agree with Steele that his case should be remanded for development of a record to determine whether he is entitled to jail credit for the time he lived at the Lincoln House while on probation. On remand, the district court should first determine whether the Lincoln House is a residential facility under K.S.A. 2017 Supp. 21-6615(b). If it is, the district court should then determine how long Steele resided at the Lincoln House and award that time as additional jail credit. The district court should appoint counsel to represent Steele on the motion in district court, and the burden will be on Steele to show that he is entitled to any relief.

Reversed and remanded with directions.